Joy Lee Barnhart
Attorney at Law
15 S. Grady Way, Ste 535
Renton, WA 98057
425-255-5535
fax 425-255-5609

Judge Timothy Dore
Chapter 13

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>JAN MATHIESON,<br><br>Debtor.<br>_____<br>JAN MATHIESON,<br><br>        Plaintiff:<br><br> vs.<br><br>PHH MORTGAGE CORPORATION, corporations; OCWEN LOAN SERVICING LLC, a corporation; and WESTERN PROGRESSIVE – WASHINGTON INC., a corporation.<br><br>        Defendants. | Chapter 13<br><br>Case No.: 17-12265<br><br>Adversary No.<br><br>COMPLAINT FOR INJUNCTIVE RELIEF, REINSTATEMENT OF AUTOMATIC STAY AND DETERMINATION OF AMOUNT OF CLAIM |

The Debtor/Plaintiff, by and through her attorney, Joy Lee Barnhart, files this Complaint asking the Court to enter an injunction against the foreclosure sale by PHH Mortgage

COMPLAINT FOR INJUNCTIVE RELIEF,
REINSTATEMENT OF AUTOMATIC STAY
AND DETERMINATION OF AMOUNT OF CLAIM

Page 1

Corporation pending on her residence for November 15, 2019, reinstate the Automatic Stay as to PHH Mortgage Corporation and Ocwen Loan Servicing and to determine the delinquency amount owed on real property known as 476 Bronson Way NE, Renton, Washington 98056 and in support thereof represents and pleads as follows:

## I. JURISDICTION AND VENUE

1.1  Plaintiff Jan Mathieson is the Debtor in this action.

1.2  PHH Mortgage Corporation (PHH hereinafter) is the entity named as holding the Note and Deed of Trust to the Plaintiff residence, at 476 Bronson Way NE, Renton, Washington 98056, in the Notice of Trustee Sale.  PHH Mortgage Corporation is a wholly owned subsidiary of Ocwen Loan Servicing.

1.3  Ocwen Loan Servicing (Ocwen hereinafter) is a corporation which held the Note and Deed of Trust to the Plaintiff residence, at 476 Bronson Way NE, Renton, Washington 98056 at the time of the filing of this case.  Ocwen obtained Relief from Stay on February 1, 2019 and purportedly transferred the Note and Deed of Trust to its subsidiary on July 11, 2017.

1.4  Western Progressive – Washington Inc. (Western hereinafter) is acting as the foreclosing Trustee.  However,

COMPLAINT FOR INJUNCTIVE RELIEF,
REINSTATEMENT OF AUTOMATIC STAY
AND DETERMINATION OF AMOUNT OF CLAIM

Page 2

Western Progressive – Washington Inc., although registered as a Washington Corporation, has no officers who are residents of the State of Washington.  In fact, three of its officers list their as their address as a location in Luxembourg.  The address provided to the Secretary of State as the principal offices of the company is 1000 Abernathy Road, Suite 200, Atlanta, GA 30326.  This means that Defendant, Western is not compliant with the requirements of the Washington Deed of Trust Act RCW 61.24.010(2) to allow it to conduct foreclosure sales in the State of Washington.

1.5   This Court has jurisdiction over the subject matter as an adversary proceeding under 28 USC Section 157(b).

1.6   Pursuant to Federal Rule of Bankruptcy Procedure 7008(a), Plaintiff consents to the entry of final judgment in this proceeding by the bankruptcy court.

## II.   PARTIES

2.1   Plaintiff reasserts paragraphs 1.1 through 1.6 by reference.

2.2   Plaintiff petitioned this Court for relief Under Chapter 13 of the Bankruptcy Court on May 17, 2017.

COMPLAINT FOR INJUNCTIVE RELIEF,
REINSTATEMENT OF AUTOMATIC STAY
AND DETERMINATION OF AMOUNT OF CLAIM

Page 3

2.3 Plaintiff may serve the defendants by mailing a copy of the Summons and Complaint to the parties at the addresses set forth in attachment A which constitute the addresses of their regular place of business and an Officer of the Corporation.

### III. FACTS

3.1 In May 2011, the Plaintiff granted a deed of trust against her residence at 476 Bronson Way, NE, Renton, Washington 98056 to Ally Bank Corp. formerly known as GMAC Bank to secure a loan in the amount of $209,575.

3.2 This Note and Deed of Trust was subsequently transferred to Ocwen. On or about July 11, 2017 Ocwen transferred the Note and Deed of Trust to its subsidiary PHH.

3.3 Shortly prior to filing this bankruptcy proceeding, the Plaintiff was approved for a trial loan modification reducing her monthly mortgage payments. At the time the Plaintiff applied for the loan modifications she was current on her payments on the mortgage.

3.4 From May 2017 to June 2018 the Plaintiff made payments to Ocwen in the amount stated as owing on the statements shown on Ocwen's website. When she attempted to make the payment in

COMPLAINT FOR INJUNCTIVE RELIEF,
REINSTATEMENT OF AUTOMATIC STAY
AND DETERMINATION OF AMOUNT OF CLAIM

Page 4

June 2018 she was told that the loan modification had been cancelled in January 2018 for failure to sign and return the final paperwork.

3.5  Plaintiff never received this final paperwork from Ocwen.  Nor was she informed of the cancellation prior to June 2018.  Plaintiff had made timely payments based on the amount shown on the statements on the Ocwen website.  When she returned to the Ocwen website to download copies of those statements, the statements for February, March and April 2018 were missing from the website.

3.6  Plaintiff was told by the agent who informed her of the cancelation that she could 'catch up' the difference between what she paid under the loan modification and the full payment over time as she could it manage it.

3.7  Plaintiff made timely payments to Ocwen based on its statements, which have been inconsistent and contradictory, in the then increased amount from June 2018 until March 2019.  The February and March payments were returned to the Plaintiff after having been made.

3.8  Ocwen obtained Relief from Stay on February 1, 2019.

COMPLAINT FOR INJUNCTIVE RELIEF,
REINSTATEMENT OF AUTOMATIC STAY
AND DETERMINATION OF AMOUNT OF CLAIM

Page 5

3.9  Plaintiff through her attorney contacted Ocwen and attempted to set up a payment plan to bring current the alleged delinquency.  Even though Plaintiff was prepared to bring the alleged delinquency current in six months or less, Ocwen refused to negotiate either a payment plan or a loan modification.

3.10  Ocwen transferred the claim to its subsidiary PHH. PHH has also refused to negotiate any type of repayment plan and has commenced foreclosure proceedings with a sale date of November 15, 2019.

3.11  Plaintiff's Brother, who has lived with the Plaintiff for the last four years, is prepared to purchase the property and pay off the loan to PHH in full.  Or in the alternative the Plaintiff is prepared to immediately pay an amount to PHH in excess of twenty thousand dollars, bring the loan payment into her Chapter 13 Plan and pay any remaining fees owing at the rate of $650 per month.

3.12   The Notice of Foreclosure shows an estimated reinstatement amount of $25,831.  The Plaintiff in fact paid the amounts requested by the Defendant up until the time they refused to accept her payment.  The reinstatement amount also includes 'estimated fees and costs' including $2529.70 in escrow

COMPLAINT FOR INJUNCTIVE RELIEF,
REINSTATEMENT OF AUTOMATIC STAY
AND DETERMINATION OF AMOUNT OF CLAIM

Page 6

advances despite Plaintiff having paid escrow fee up to the time Ocwen refused her payment and an additional $3583 in various costs and fees. These fees are excessive.

    3.13 Plaintiff requested a payoff amount on the loan from PHH in mid-October. Despite being told at least twice that the payoff would be provided within days she did not receive the payoff amount until October 31, 2019. Fees and costs set forth in the payoff amount are $2272 higher than the already excessive fees set forth in the Notice of Foreclosure.

## IV. INJUNCTIVE RELIEF

    4.1 Plaintiff reasserts the facts contained in Sections I through III above.

    4.2 Defendants have failed to comply with the Washington State Deed of Trust Act.

    4.3 Defendants have acted in bad faith and have overcharged the Plaintiff both as to the monthly payments and in excessive fees and cost making it impossible for the Plaintiff to bring current the alleged arrears.

    4.4 Unless the Defendants are temporarily restrained from going forward with the foreclosure currently scheduled for

COMPLAINT FOR INJUNCTIVE RELIEF,
REINSTATEMENT OF AUTOMATIC STAY
AND DETERMINATION OF AMOUNT OF CLAIM

Page 7

November 15, 2019, the Plaintiff and creditors of the Plaintiff will suffer immediate, irreparable injury, loss or damage in that the Plaintiff will lose her home, the equity there in, and incur substantially increased housing expenses. The administration of this case will be impaired.

V. DETERMINE THE AMOUNT OF THE DEFENDANTS' CLAIM

5.1  Plaintiff reasserts the facts contained in Sections I through III above.

5.2  The Defendants acted in bad faith in cancelling the Loan Modification previously granted to the Plaintiff and then refusing to allow her an opportunity to bring current the alleged default. The Defendants should be required to provide an accounting of the alleged delinquency.

5.3  The fees of $8385.95 set forth in The Notice of Foreclosure estimated reinstatement are excessive and unreasonable. The fees and costs set forth in the payoff calculation received from PHH are higher and even more excessive.

COMPLAINT FOR INJUNCTIVE RELIEF,
REINSTATEMENT OF AUTOMATIC STAY
AND DETERMINATION OF AMOUNT OF CLAIM

Page 8

## VI. ALLOW DEBTOR TO CURE THE ALLEGED DEFAULT

6.1  Plaintiff reasserts the facts contained in Sections I through III above.

6.2  The Plaintiff has attempted to meet the demands of the Defendants.  She has been stymied by the Defendants initially neglecting to inform her of the alleged delinquency, which had she been made aware of it at the time Defendants allege it occurred, would have amounted to less than $2000 and been easily cured and then subsequently providing contradictory and inconsistent information.

6.3  The Plaintiff is prepared to cure the arrears either through the sale of the property or, if that is not approved, by a large lump sum payment, adequate protection of the current monthly payment through the Chapter 13 Trustee, and a substantial monthly payment to cure any arrear remaining after the lump sum payment.

Wherefore, the Plaintiff asks for the court to enter an order:

1.  Pursuant to Rule 65 of the Federal Rules of Civil Procedure as incorporated by Federal Rule of Bankruptcy

COMPLAINT FOR INJUNCTIVE RELIEF,
REINSTATEMENT OF AUTOMATIC STAY
AND DETERMINATION OF AMOUNT OF CLAIM

Page 9

Procedure 7065, enter a temporary restraining order, restraining the defendants, their attorneys, agents, employees and successors from proceeding with the foreclosure sale currently set for November 15, 2019;

    2.   Further preliminarily and permanently enjoy the defendants, their attorneys, agents, employees and successors from proceeding with the foreclosure sale currently set for November 15, 2019;

    3.   Waive the requirement of bond for the Temporary Restraining Order and Preliminary Injunction;

    4.   Approve the Plaintiff's sale of the property or alternatively allow the Plaintiff to modify her Chapter 13 Plan to include the payments on the Note and Deed of Trust including any arrears thereon and reinstate the Automatic Stay on the Defendants; and

    5.   Determine the amount of the claim held by the Defendants.

    Dated this 4th day of October, 2019

                            /s/ Joy Lee Barnhart
                            Joy Lee Barnhart, WSBA #12250
                            Attorney for the Plaintiff/Debtor

COMPLAINT FOR INJUNCTIVE RELIEF,
REINSTATEMENT OF AUTOMATIC STAY
AND DETERMINATION OF AMOUNT OF CLAIM

Page 10

VERIFICATION

I am the Plaintiff/Debtor. I have read the foregoing Complaint and believe the same to be true and correct to the best of my knowledge.

Dated at Renton, Washington this 4th day of October, 2019.

/s/ Jan Mathieson
Jan Mathieson, Plaintiff/Debtor

COMPLAINT FOR INJUNCTIVE RELIEF,
REINSTATEMENT OF AUTOMATIC STAY
AND DETERMINATION OF AMOUNT OF CLAIM

Page 11

ATTACHMENT A

Mr. Glen A Messina, CEO & President
OCWEN LOAN SERVICING, LLC
1661 WORTHINGTON ROAD, STE 100
WEST PALM BEACH, FL, 33409,

OCWEN LOAN SERVICING, LLC
c/o It's Registered Agent
CORPORATION SERVICE COMPANY
300 DESCHUTES WAY SW STE 304
TUMWATER, WA, 98501

PHH MORTGAGE CORPORATION
c/o It's Registered Agent
CORPORATION SERVICE COMPANY
300 DESCHUTES WAY SW STE 304
TUMWATER, WA, 98501

Mr. Glen A Messina, CEO
PHH MORTGAGE CORPORATION
1 MORTGAGE WAY
MOUNT LAUREL, NJ, 08054

Mr. Glen A Messina, CEO
PHH Corporation
3000 Leadenhall Road
Mount Laurel, NJ 08054

WESTERN PROGRESSIVE - WASHINGTON, INC.
1000 ABERNATHY RD #200
ATLANTA, GA, 30326,

WESTERN PROGRESSIVE - WASHINGTON, INC.
c/o It's Registered Agent
CORPORATION SERVICE COMPANY
300 DESCHUTES WAY SW STE 304
TUMWATER, WA, 98501

COMPLAINT FOR INJUNCTIVE RELIEF,
REINSTATEMENT OF AUTOMATIC STAY
AND DETERMINATION OF AMOUNT OF CLAIM

Page 12