THE HONORABLE TIMOTHY W. DORE
Chapter 13
Date of Hearing: April 7, 2021
Time of Hearing: 9:30 AM
Hearing Location: Telephonic
Response Due: March 31, 2021

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 13 |
| JAN MATHIESON, | Case No.: 17-12265-TWD |
| Debtor. | Adversary No.: 19-01140-TWD |
| JAN MATHIESON, | **DECLARATION OF DERRICK RALEIGH IN SUPPORT OF RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| Plaintiff, | |
| vs. | |
| PHH MORTGAGE CORPORATION, a corporation; OCWEN LOAN SERVICING LLC, a corporation; and WESTERN PROGRESSIVE-WASHINGTON INC, a corporation, | |
| Defendants. | |

I, Derrick Raleigh, declare as follows:

1. I make this declaration based upon my personal knowledge of the facts and matters stated herein based on my review of the business records described below.

2. I am currently employed as a Senior Loan Analyst by Ocwen Financial Corporation, whose wholly owned subsidiary is PHH Mortgage Corporation ("Defendants"). I am competent and authorized to make this declaration on behalf of Defendants, pursuant to my duties as a Senior Loan Analyst.

DECLARATION IN SUPPORT OF RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT
AP No. 19-01140-TWD
Page 1

HOUSER LLP
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 19-01140-TWD    Doc 29    Filed 03/31/21    Ent. 03/31/21 17:33:27    Pg. 1 of 61

3. I submit this Declaration in support of Defendants' Response to Plaintiff's Motion for Summary Judgment as to the Adversary Complaint filed by Plaintiff Jan Mathieson ("Plaintiff"). I have personal knowledge the facts set forth herein and if called as a witness, I could and would competently and truthfully testify thereto.

4. In my role as a Senior Loan Analyst in the regular performance of my job functions, I have access to and am familiar with and understand Defendants' record keeping systems and records. I am a custodian of those records. I make this affidavit based upon my review of the records relating to the subject loan and from my own personal knowledge of how they are created and maintained in the ordinary course and scope of Defendants' servicing operations.

5. In the regular performance of my job functions for Defendants, I am familiar with the business records maintained by Defendants for the purpose of servicing mortgage loans, collecting payments, and pursuing any delinquencies (the "Servicing Records"). Defendants' Servicing Records typically include electronic data compilations and imaged documents pertaining to the loans that it services.

6. Defendants use an electronic record keeping system to create and maintain records for the mortgage loans they service Pursuant to my duties as a Senior Loan Analyst, I have completed extensive training on how to operate and access electronic files on the system. Based on my training and personal knowledge of the processes by which Defendants' Servicing Records are created and maintained, Defendants' Servicing Records are made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records, and are kept in the ordinary course of the business activity regularly conducted by Defendants. It is the regular practice of Defendants' mortgage servicing business to make and update their Servicing Records.

7. To the extent that the business records concerning the subject loan were created by prior servicers of the loan, such records have been integrated into Defendants' Servicing Records, verified in accordance with Defendants' policies and procedures, and are kept and relied upon as a regular business practice of Defendants. This includes any records relied on herein from the prior servicer of the loan, Ocwen Loan Servicing, LLC.

8. Defendants are in the regular business of acting as the loan servicer for residential mortgage loans.

DECLARATION IN SUPPORT OF RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT
AP No. 19-01140-TWD
Page 2

HOUSER LLP
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 19-01140-TWD    Doc 29    Filed 03/31/21    Ent. 03/31/21 17:33:27    Pg. 2 of 61

9. Defendants currently service the loan memorialized by a note executed by Jan Mathieson ("Borrower") on May 11, 2011 (the "Note"), in the amount of $612,500 from Ally Bank Corp., f/k/a GMAC Bank (the "Loan"). A true and correct copy of the Note is attached hereto as **Exhibit "1."**

10. The Loan was secured by a deed of trust recorded on May 25, 2011, in the County Recorder's Office for the County of King as Instrument No. 20110607000393 ("Deed of Trust"). The Deed of Trust was recorded against the property located at 476 Bronson Way NE, Renton, WA 98056 ("Subject Property"). A true and correct copy of the Deed of Trust is attached hereto as **Exhibit "2."**

11. The Loan service transferred from Ally Bank Corp. f/k/a GMAC Bank to GMAC Mortgage, LLC effective July 1, 2011. A true and correct copy of the Notice of Servicing Transfer Letter is attached hereto as **Exhibit "3."**

12. On June 28, 2017, MERS as designated nominee for Ally Bank Corp. f/k/a GMAC Bank memorialized the assignment to the Note to Ocwen Loan Servicing, LLC. The Corporate Assignment of Deed of Trust/Mortgage was recorded on July 11, 2017, in the King County Recorder's Office as Doc. No. 20170711000937. A true and correct copy of the Corporate Assignment of Deed of Trust is attached hereto as **Exhibit "4."**

13. The Loan service transferred from GMAC Mortgage, LLC to Ocwen Loan Servicing, LLC effective February 16, 2013. A true and correct copy of the Notice of Servicing Transfer Letter is attached hereto as **Exhibit "5."**

14. The Loan service transferred from Ocwen Loan Servicing, LLC to PHH Mortgage Corporation effective June 1, 2019. A true and correct copy of the Notice of Servicing Transfer Letter is attached hereto as **Exhibit "6."**

15. The Deed of Trust provides for assessment of expenses incurred as a necessary consequence to legal proceedings which may significantly affect the Lender's rights in the Property, specifically including proceedings in bankruptcy. **See Exhibit "2."**

16. The Borrower was responsible for making payments in the amount of $1,265.72 per month beginning in September of 2018, which payments were adjusted upward to $1,332.15 in the June 21, 2019, monthly mortgage statement. A true and correct copy of the June 21, 2019, monthly mortgage statement is attached hereto as **Exhibit "7."**

DECLARATION IN SUPPORT OF RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT
AP No. 19-01140-TWD
Page 3

HOUSER LLP
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

17. In total, the Borrower missed nine monthly payments at the rate of $1,265.72 per month, and eight monthly payments at the rate of $1,332.15 for a combined amount of $22,048.68, which includes the payment due for February 1, 2020.

18. To address the delinquency on the Loan, a payoff quote (the "Quote") was generated for the Subject Property dated December 26, 2019. The Quote included a current principle balance of $179,831.41; total interest due as of February 1, 2020, of $11,145.88; Escrow/Impound overdraft of $4,014.87; $6,200.52 in recoverable fees, and; a $99 recording fee. The total, excluding the principle, is $21,460.27. The Quote conditions the accuracy of these figures through the anticipated closing date, which was February 1, 2020, which means that the payment due on February 1, 2020, was included in the Quote. A true and correct copy of the Quote is attached hereto as **Exhibit "8."**

19. On January 21, 2020, the Loan's monthly mortgage statement reflects an amount due of $26,937.05 ("January Statement"). This amount did not include the monthly payment due on or before February 1, 2020. A true and correct copy of the January 21, 2020, monthly mortgage statement is attached hereto as **Exhibit "9."**

20. On February 3, 2020, $21,460.27 (the "Payment") was applied to the Loan. Since the February 2020 payment came due a couple days earlier, the total outstanding balance following the January Statement included an additional $1332.15 payment. This brought the total amount due to $28,269.20. The Payment's application toward the satisfaction of the past-due monthly payments triggered the release of $588.41 in funds held separately in a suspense account, which reduced the total outstanding amount from $28,269.20 to $27,680.79. When the Payment was then applied to the $27,680.79 amount, we are left with the $6,200.52 assessed expenses. The Payment was not applied to the assessed expenses, because there was nothing left to apply. Any other application would have left the arrearage uncured. A true and correct copy of the transaction history for the Payment is attached hereto as **Exhibit "10."**

21. On February 4, 2020, the Loan's monthly mortgage statement reflects $6,240.52 due in assessed expenses. A true and correct copy of the February 4, 2020, monthly mortgage statement is attached hereto as **Exhibit "11."**

22. From and since this time, the Loan has remained current on its monthly payments.

DECLARATION IN SUPPORT OF RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT
AP No. 19-01140-TWD
Page 4

HOUSER LLP
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 19-01140-TWD    Doc 29    Filed 03/31/21    Ent. 03/31/21 17:33:27    Pg. 4 of 61

However, the assessed expenses remain past-due, because the Payment was applied toward the past-due monthly payments, and was insufficient to satisfy the assessed expenses.

23. The assessed expenses have accrued since June 8, 2017, and include legal fees for the bankruptcy case, inspection fees, publication fees, recording fees, and title searches. Following tender of the Payment, an additional $611.69 was added for inspection fees, attorney fees, attorney mailing costs, and a recording fee, which explains the increase from the previously assessed expenses from $6,200.52 to $6,832.21. The correct amount of past due expenses required to bring the account fully current is: $6,832.21. A true and correct copy of the transaction history for the assessed expenses is attached hereto as **Exhibit "12."**

I declare under the laws of the United States of America that the foregoing is true and correct.

This declaration was executed on this 30th day of March, 2021, in Mesquite, Texas.

_____
Derrick Raleigh

DECLARATION IN SUPPORT OF RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT
AP No. 19-01140-TWD
Page 5

HOUSER LLP
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 19-01140-TWD    Doc 29    Filed 03/31/21    Ent. 03/31/21 17:33:27    Pg. 5 of 61

Multistate

# NOTE

FHA Case No.
█████1703

May 25, 2011
[Date]

476 Bronson Way NE, Renton, WA 98056-3653
[Property Address]

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means **Ally Bank Corp. f/k/a GMAC Bank**

and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of **Two Hundred Nine Thousand Five Hundred Seventy Five and 00/100**

Dollars (U.S. $ **209,575.00** ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of **Four & 75/100** percent ( **4.750** %) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

### (A) Time

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on **July 1** , **2011** . Any principal and interest remaining on the first day of **June 2041** , will be due on that date, which is called the "Maturity Date."

### (B) Place

Payment shall be made at **P.O. Box 79135, Phoenix, AZ 85062-9135**

or at such place as Lender may designate in writing by notice to Borrower.

### (C) Amount

Each monthly payment of principal and interest will be in the amount of U.S. $ **1,093.24** . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

### (D) Allonge to this Note for payment adjustments

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

☐ Graduated Payment Allonge ☐ Growing Equity Allonge ☐ Other [specify]

1001R
FHA Multistate Fixed Rate Note
VMP ®
Wolters Kluwer Financial Services
█████8089
06/25/2011 12:53pm
VMP1R (0809).00
Page 1 of 3

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of **Four** percent ( **4.000** %) of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

1001R
FHA Multistate Fixed Rate Note
VMP ®
Wolters Kluwer Financial Services

6089

06/25/2011 12:53pm
VMP1R (0809).00
Page 2 of 3
10/95

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)      _____ (Seal)
Jan M. Mathieson                -Borrower                                   -Borrower

_____ (Seal)      _____ (Seal)
                                -Borrower                                   -Borrower

_____ (Seal)      _____ (Seal)
                                -Borrower                                   -Borrower

_____ (Seal)      _____ (Seal)
                                -Borrower                                   -Borrower

Pay to the order of

Without Recourse
Ocwen Loan Servicing, LLC
_____
Sarah E. Short          , Authorized Signer

Pay to the order of
GMAC Mortgage, LLC
Without Recourse:
_____
Alana Gerhart, Assistant Secretary
Ally Bank Corp. f/k/a GMAC Bank

Pay to the order of
Ocwen Loan Servicing, LLC
Without Recourse:
_____
Alana Gerhart, Authorized Officer
GMAC Mortgage, LLC f/k/a
GMAC Mortgage Corporation

1001R
FHA Multistate Fixed Rate Note
VMP ®
Wolters Kluwer Financial Services

8059

05/25/2011 12:53pm
10/95
VMP1R (0809).00
Page 3 of 3





*First American*
*Title Insurance Company*
MORTGAGE SERVICES



# Electronically Recorded Document

## FAMS Order Number:      **43683878**

The attached document was recorded on your behalf by First American Mortgage Services via our electronic recording process.

We are returning your original document along with this cover page that includes the post-recording information at the bottom. To view a full image of the post-recorded document, please visit our website at www.lendersadvantage.com.

Thank you for allowing First American Mortgage Services to record your documents.



**Recorded Date/Time:** *6/7/2011 12:23 PM*
**Instrument Number:** *20110607000393*
**Book:**
**Page:**

**County/State:** *King/WA*
**Borrower:** *JAN M. MATHIESON*
**Document Type:** *Deed of Trust*
**Document Seq:** *1*

## Do not detach. This page is now a permanent part of this document.

Please visit **www.famortgageservices.com** to view the entire Recorded document

1100 Superior Ave
Cleveland, OH 44114
**TEL:** (216) 241-1278
**TOLL:** (800) 221-8683
<http://www.famortgageservices.com>

*WHEN RECORDED, RETURN TO:*
*FIRST AMERICAN MORTGAGE SERVICES*
*1100 SUPERIOR AVENUE, SUITE 200*
*CLEVELAND, OHIO 44114*
*NATIONAL RECORDING*

Assessor's Parcel or Account Number: **947620-0315-02**
Abbreviated Legal Description: **Lot , Block , Plat**
Cot 9, Block 3, Windsor Hills Add. to Renton
[Include lot, block and plat or section, township and range]     Full legal description located on page 2 10 .
7660996
——————————[Space Above This Line For Recording Data]——————————

**State of Washington**

# DEED OF TRUST

FHA Case No.

**5660354401703**

MIN 100037506877560897

4308387810

THIS DEED OF TRUST ("Security Instrument") is made on **May 25, 2011**
The Grantor is **JAN M. MATHIESON, AN UNMARRIED PERSON**

("Borrower"). The trustee is **First American Title Insurance Co**

("Trustee"). The beneficiary is Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. **Ally Bank Corp. f/k/a GMAC Bank /Grantee**

("Lender") is organized and existing under the laws of **Utah** , and
has an address of **1100 Virginia Drive, Fort Washington, PA 19034**
. Borrower owes Lender the principal sum of
**Two Hundred Nine Thousand Five Hundred Seventy Five and 00/100**
Dollars (U.S. $ **209,575.00** ).

**1004NWA**                                    6089                    05/25/2011 12:53pm
**FHA Washington Deed of Trust with MERS-4/96**
**Amended 2/98**
Wolters Kluwer Financial Services
VMP®-4N(WA) (0305).02
Page 1 of 9          Initials:

This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on **June 1, 2041**                    . This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to the Trustee, in trust, with power of sale, the following described property located in **King**                              County, Washington:
**The Assessor's Parcel Number (Property Tax ID#) for the Real Property is 947620-0315-02. See Legal Description Attached**

Parcel ID Number: **947620-0315-02**
which has the address of **476 Bronson Way NE**                                                    [Street]
**Renton**                                              [City], Washington  **98056-3653**  [Zip Code]
("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

**1. Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

**2. Monthly Payment of Taxes, Insurance and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security

1004NWA                                    6089                          05/25/2011 12:53pm
                                                                         Initials:
VMP®-4N(WA) (0305).02                      Page 2 of 9

Exhibit 2 (P. 3 of 11)

Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 *et seq.* and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

**3. Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

**4. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear

excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.

**9. Grounds for Acceleration of Debt.**

(a) **Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

**(b) Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

**(c) No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

**(d) Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not . permitted by regulations of the Secretary.

**(e) Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

1004NWA        █████ 6089        05/25/2011 12:53pm

VMP®-4N(WA) (0305).02        Page 5 of 9        Initials:

Exhibit 2 (P. 6 of 11)

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

1004NWA        ███ 6089        05/25/2011 12:53pm

VMP®-4N(WA) (0305).02        Page 6 of 9        Initials: _JMM_

Exhibit 2 (P. 7 of 11)

**18. Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall give written notice to Trustee of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee and Lender shall take such action regarding notice of sale and shall give such notices to Borrower and to other persons as applicable law may require. After the time required by applicable law and after publication of the notice of sale, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of the Property for a period or periods permitted by applicable law by public announcement at the time and place fixed in the notice of sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it or to the clerk of the superior court of the county in which the sale took place.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act")(12 U.S.C. 3751 *et seq.*) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph 18 or applicable law.

**19. Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs.

**20. Substitute Trustee.** In accordance with applicable law, Lender may from time to time appoint a successor trustee to any Trustee appointed hereunder who has ceased to act. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

**21. Use of Property.** The Property is not used principally for agricultural or farming purposes.

**22. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

☐ Condominium Rider  ☐ Growing Equity Rider  ☐ Other [specify]
☐ Planned Unit Development Rider  ☐ Graduated Payment Rider

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____        _____ Jan M. Mathieson _____ (Seal)
Jan M. Mathieson                                                                          -Borrower


_____        _____ (Seal)
                                                                          -Borrower


_____ (Seal)  _____ (Seal)
                          -Borrower                                       -Borrower


_____ (Seal)  _____ (Seal)
                          -Borrower                                       -Borrower


_____ (Seal)  _____ (Seal)
                          -Borrower                                       -Borrower

**STATE OF WASHINGTON** County of *King*                                                                  } ss:

On this day personally appeared before me *Jan M. Mathieson* ——————————

to me known to be the individual(s) described in and who executed the within and foregoing instrument, and acknowledged that he/she/they signed the same as his/her/their free and voluntary act and deed, for the uses and purpose therein mentioned.

GIVEN under my hand and official seal this *25th* day of *May, 2011*

*Tarrie L Barnett*

Notary Public in and for the State of Washington, residing at
*12911 SE 29th Pl, Bellevue, WA 98005*

My Appointment Expires on *Apr 18, 2014*

*Tarrie L. Barnett*

Notary Public
State of Washington
TARRIE L BARNETT
My Appointment Expires Apr 18, 2014

Exhibit 2 (P. 10 of 11)

## Exhibit "A"

Real property in the City of **RENTON**, County of **King**, State of **Washington**, described as follows:

**LOT 9, BLOCK 3, WINDSOR HILLS ADDITION TO RENTON, ACCORDING TO THE PLAT RECORDED IN VOLUME 38 OF PLATS, PAGE 22, IN KING COUNTY, WASHINGTON.**

APN #: **947620-0315-02**

MATHIESON        WA
43683878
FIRST AMERICAN ELS
DEED OF TRUST

# NOTICE OF ASSIGNMENT, SALE, OR TRANSFER OF SERVICING RIGHTS

Borrower Name & Address:

Jan M. Mathieson

Loan Number:
███6089

476 Bronson Way NE
Renton, WA 98056-3653

You are hereby notified * that the servicing of your mortgage loan, that is, the right to collect payments from you, is being assigned, sold or transferred from Ally Bank Corp. f/k/a GMAC Bank

to  GMAC Mortgage, LLC                                     , effective     July 1, 2011

The assignment, sale or transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan.

Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before the effective date of transfer, or at closing.  Your new servicer must also send you this notice no later than 15 days after this effective date or at closing.  In this case, all necessary information is combined in this one notice.

Your present servicer is    Ally Bank Corp. f/k/a GMAC Bank

If you have any questions relating to the transfer of servicing from your present servicer call Customer Service at
877-700-4622                     between 9:00 a.m. and 5:00 p.m. on the following days:  Monday through Friday. This is a toll-free number.

Your new servicer will be   GMAC Mortgage, LLC

The business address for your new servicer is:    P.O. Box 4622, Waterloo, PA 50704-4622

The toll-free telephone number of your new servicer is:   800-766-4622

If you have any questions relating to the transfer of servicing to your new servicer call Customer Service at
800-766-4622                     between 9:00 a.m. and 5:00 p.m. on the following days:  Monday through Friday.

The date that your present servicer will stop accepting payments from you is  July 1, 2011
The date that your new servicer will start accepting payments from you is  July 1, 2011
Send all payments due on or after that date to your new servicer.

* This notification is a requirement of Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. Section 2605).

You should also be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. Section 2605):

During the 60-Day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 U.S.C. Section 2605) gives you certain consumer rights. If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgment within 20 Business Days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and your reasons for the request. If you want to send a "qualified written request" regarding the servicing of your loan, it must be sent to this address:

GMAC Mortgage, LLC, Attn: Customer Care, P.O. Box 1330, Waterloo, IA 50704-1330

Not later than 60 Business Days after receiving your request, your servicer must make any appropriate corrections to your account, and must provide you with a written clarification regarding any dispute. During this 60-Business Day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents.

A Business Day is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where services are shown to have violated the requirements of that Section. You should seek legal advice if you believe your rights have been violated.

| | 05/25/2011 | GMAC Mortgage, LLC | 05/25/2011 |
|---|---|---|---|
| PRESENT SERVICER | Date | FUTURE SERVICER | Date |

Notice of Assignment, Sale, Or Transfer of Servicing Rights
SERVTRANS (09/10)

Exhibit 3 (P. 2 of 2)

**Electronically Recorded**
**20170711000937**

SIMPLIFILE       ADT     16.00
Page 001 of   002
07/11/2017 02:57
King County, WA

When Recorded Return To:

OCWEN LOAN SERVICING, LLC
240 TECHNOLOGY DRIVE
IDAHO FALLS, ID 83401

---

### CORPORATE ASSIGNMENT OF DEED OF TRUST

King, Washington
SELLER'S SERVICING #:0687756089 "MATHIESON"
SELLER'S LENDER ID#: DW 24532

MIN #: 10003750887756089X SIS #: 1-888-679-6377

Date of Assignment: June 28th, 2017
Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS DESIGNATED NOMINEE FOR ALLY BANK CORPORATION FKA GMAC BANK, BENEFICIARY OF THE SECURITY INSTRUMENT, its successors and/or assigns at PO BOX 2026 FLINT MI 48501
Assignee: OCWEN LOAN SERVICING, LLC at 1661 WORTHINGTON RD, SUITE 100, WEST PALM BEACH, FL 33409

Executed By: JAN M. MATHIESON, AN UNMARRIED PERSON To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS DESIGNATED NOMINEE FOR ALLY BANK CORP F/K/A GMAC BANK , BENEFICIARY OF THE SECURITY INSTRUMENT, ITS SUCCESSORS AND/OR ASSIGNS
Date of Deed of Trust: 05/25/2011 Recorded: 06/07/2011 in Book/Reel/Liber: N/A Page/Folio: N/A as Instrument No.: 20110607000393 In the County of King, State of Washington.

Property Address: 476 BRONSON WAY NE, RENTON, WA 98056-3653

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Deed of Trust having an original principal sum of $209,575.00 with interest, secured thereby, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's interest under the Deed of Trust.

TO HAVE AND TO HOLD the said Deed of Trust, and the said property unto the said Assignee forever, subject to the terms contained in said Deed of Trust. IN WITNESS WHEREOF, the assignor has executed these presents the day and year first above written:

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS DESIGNATED NOMINEE FOR ALLY BANK CORPORATION FKA GMAC BANK, BENEFICIARY OF THE SECURITY INSTRUMENT, its successors and/or assigns
On ___JUL 0 6 2017___

By _____
Leonora Williams
Assistant Secretary

"TSV"TSVGMAC"06/28/2017 09:39:35 AM" GMAC40GMACA00000000000000005172617" WAKING" 0687756089
WASTATE_TRUST_ASSIGN_ASSN **LCBGMAC*

Exhibit 4 (P. 1 of 2)

CORPORATE ASSIGNMENT OF DEED OF TRUST Page 2 of 2

STATE OF **Florida**
COUNTY OF **Palm Beach**

On **JUL 0 6 2017** , before me, **Stephanie White** , a Notary Public in and for **Palm Beach** in the State of **Florida** , personally appeared **Leonora Williams** , Assistant Secretary, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,



Notary Public State of Florida
Stephanie White
My Commission GG 031131
Expires 09/18/2020

Stephanie White
Notary Expires: **SEP/ 1 8 2020**

(This area for notarial seal)

*TSV*TSVGMAC*09/28/2017 09:38:33 AM* GMAC40GMACA000000000000006172817* WAKING* 0687758099
WASTATE_TRUST_ASSIGN_ASSN **LCBGMAC*

Exhibit 4 (P. 2 of 2)



*Ocwen Loan Servicing, LLC*
HELPING HOMEOWNERS IS WHAT WE DO!™
OCWEN.MORTGAGEBANKSITE.COM

## GMAC Mortgage

### Notice of Servicing Transfer and Welcome to Ocwen Loan Servicing, LLC

February 7, 2013



||I||I|I|I||I||I||II||I|I||I|I|I|||I||I|I||I||I|II|I|I||I|
JAN M MATHIESON
476 BRONSON WAY NE
RENTON WA 98056-3653

Dear JAN M MATHIESON,

The servicing of your mortgage loan, that is, the right to collect payments from you, is transferring from your current servicer, GMAC Mortgage ("GMACM") to your new servicer, Ocwen Loan Servicing, LLC ("Ocwen") effective February 16, 2013.

Rest assured this transfer of servicing does not affect any term or condition of the mortgage documents, other than those directly related to the servicing of your loan. There will be no change to your account number or payment address; only to the name of the company to which you make your payment. All mailing addresses and phone numbers you previously used to contact GMACM will remain the same but, as of February 16, 2013, they will be maintained by Ocwen. You will continue to be served in a knowledgeable and professional manner, just as you have in the past.

GMACM will stop accepting payments on February 15, 2013. Ocwen will begin to accept payments on February 16, 2013. Send all payments due on or after that date to Ocwen. A temporary coupon is provided below for your convenience. Any account notices prepared prior to February 16, 2013 will reflect GMACM; all notices prepared on or after February 16, 2013 will reflect Ocwen. In addition any payments received by GMACM after February 15, 2013 will automatically be processed by Ocwen.

If you are currently using GMACM's automatic payment service, this program will continue with no lapse in service. If you previously made your payment through GMACMortgage.com, on or after February 16, 2013 you can go to ocwen.mortgagebanksite.com and use your same login ID and password for account access. If you use a third party service, please request they update their records to have payments made payable to Ocwen Loan Servicing, LLC effective February 16, 2013.

Because GMACM is the subject of a bankruptcy proceeding, federal law requires either GMACM or Ocwen to send you this notice not more than 30 days after the effective date of the transfer of the servicing of your loan. In this case, all necessary information is combined in this one notice. Please review the reverse side of this letter for legal disclosures, notices and state requirements. It's our goal to make this transfer as seamless as possible.

Enclosed are your (1) final **GMAC Mortgage annual privacy notice** and (2) your **Ocwen initial privacy notice** that becomes effective with the start of your new customer relationship with Ocwen. Please see the Ocwen initial privacy notice for important opt-out elections.

We appreciate the opportunity to serve your home loan needs. If you have questions relating to the transfer of servicing please contact our Transfer Hotline at 1-888-926-3479 weekdays from 8:00 AM to 7:00 PM, Central Time. If you have questions about the general servicing of your loan please call GMACM Customer Care at 800-766-4622, 6:00 a.m. - 10:00 p.m. CT M-F and 8:00 a.m. - 2:00 p.m. Sat.

Sincerely,

Sincerely,

Charles R. Hoecker
Sr. Vice President, Customer Care
GMAC Mortgage

William C. Erbey
President and Chief Executive Officer
Ocwen Loan Servicing, LLC

Enclosure(s)

### Your Loan Account Details
### as of 02/04/2013

Account Number:
████████6089

Property Address:
476 BRONSON WAY NE
RENTON WA 98056

Transfer Date:
02/16/2013

Principal Balance:
$199,169.28

Escrow Balance:
$1,462.19

Loan Rate:
4.750%

Next Payment Due:
3/1/2013

Payment Amount:
$1,527.44

### Ocwen Loan Servicing, LLC
### Customer Care
### Contact Information

➤ Phone:
800-766-4622

Personal assistance:

6:00 a.m. - 10:00 p.m. CT M-F

and 8:00 a.m. - 2:00 p.m. Sat

24-hour automated service

Email:
ocwen@mortgagebanksite.com

Web:
ocwen.mortgagebanksite.com

Mail:
PO Box 780
Waterloo, IA 50704-0780

(02-1-685-7300(1/12)

---

## Mortgage Payment Coupon

### Ocwen Loan Servicing, LLC

Account Number:
████████6089

Due Date:
3/1/2013

Mortgage Payment:
$1,527.44

JAN M MATHIESON

| Please assist us in applying your payment. | |
| --- | --- |
| Full Payments | $............. |
| ADDITIONAL Principal | $............. |
| ADDITIONAL Escrow | $............. |
| Late Charge | $............. |
| Other Fees (specify) | $............. |
| **Total Amount Enclosed** | $............. |

OCWEN
PO BOX 79135
PHOENIX, AZ 85062-9135

I|I|I||I|II|···I||I|I||I||I|I·I·II||I|I||I·II|·I|II|·I·I||I||

Exhibit 5 (P. 1 of 3)

02   0313   ████████6089   00152744   00000   22222   9

**RESPA Notice:** You should be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2605):

During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 U.S.C. 2605) gives you certain consumer rights. If you send a qualified written request to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgement within 20 Business Days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number and your reasons for the request.

Not later than 60 Business Days after receiving your request, your servicer must make any appropriate corrections to your account and must provide you with a written clarification regarding any dispute. During this 60-BusinessDay period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents.

A Business Day is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that section. You should seek legal advice if you believe your rights have been violated.

**Qualified Written Request:** Effective with the transfer date, please send all qualified written requests to: Ocwen, ATTN: Customer Care, P.O. Box 1330, Waterloo, IA 50704-1330.

**Optional Insurance:** The transfer of servicing rights may affect the term or the continued availability of mortgage life or disability or any other type of optional insurance. If you have been paying premiums for optional insurance coverage such as accidental death, life or disability, your coverage will likely continue at the same or a comparable premium. If a change of provider is necessary, you will receive new policy information in a separate letter. If Ocwen is not able to continue your coverage, Ocwen or GMACM will notify you in writing.

<u>Additional Information</u>

**Online Services:** If you were previously using the GMACM website, you should continue to use your same username and password. You will be redirected to <u>ocwen.mortgagebanksite.com</u> to complete the login process. You do not need to re-enroll to continue using the same online payment programs. Any current online payment arrangements will continue uninterrupted through Ocwen.

**Payment by Phone:** If you previously scheduled a payment by phone through GMACM, this deduction will continue as scheduled.

**Automatic Payment:** If you were previously using GMACM's automatic payment service, this program will continue with Ocwen with no lapse in service. If you use a third party payment service, please request they update their records to have payments made to Ocwen Loan Servicing, LLC.

**Payment by Check:** If sending payment by check, please be aware you are authorizing Ocwen to use information on this check to make a one-time electronic debit to the account at the financial institution indicated on the check. This electronic debit will be for the amount on your check and no additional amount will be debited. Please be aware this bank account may be debited the same day Ocwen receives the check.

**Homeowner's Insurance:** Notice will be sent to your insurance carrier to provide the Ocwen address information following the transfer.

**Year-End:** GMACM will provide a 2012 year-end IRS form 1098 statement consistent with how you may have received it in prior years. Ocwen will provide a 2013 year-end IRS form 1098 that will include payments received in 2013 by GMACM and Ocwen.

**Loan Modifications:** Ocwen is committed to helping homeowners. If you are currently on a trial modification plan or have a modification review underway, this process will continue. You should continue making your payments as required in the modification plan. If you recently submitted financial documentation to be considered for payment options, it is not necessary to re-send the documents to Ocwen, as the information will automatically transfer.

**Short Sale:** Any previously approved short sale offers or pending short sale negotiations will continue. The original expiration date for a previous short sale approval still applies; if it has expired, the approval is no longer valid.

**Identity Theft Notice:** If you would like to obtain information regarding identity theft, you may contact the Federal Trade Commission at http://www.ftc.gov/bcp/edu/microsites/idtheft/ OR by calling 1-877-ID-THEFT (1-877-438-4338).

**Members of the Military and their Families:** Ocwen is committed to supporting its customers in the military. If you or a member of your family are in the military, please contact Ocwen effective with the transfer date. You may be eligible for certain rights and protections under the Servicemembers Civil Relief Act (SCRA). Even if you are not eligible under SCRA, Ocwen encourages you to contact us if you have questions or problems relating to your mortgage. Call 1-866-961-1412 or email us at **Military.Families@mortgagebanksite.com**

**Notice Regarding Debt Collection:** This is an attempt to collect a debt, and any information obtained will be used for that purpose, provided if you have an active bankruptcy case or have received a discharge, the following Notice Regarding Bankruptcy applies.

**Notice Regarding Bankruptcy:** If you are a debtor in an active bankruptcy case, this letter is not an attempt to collect either a pre-petition, post-petition or discharged debt, and no action will be taken in willful violation of the Automatic Stay that may be in effect in your bankruptcy case. Furthermore, if you have received a Discharge in a Chapter 7 case, any action taken by GMACM or Ocwen is for the sole purpose of protecting the lien interest in your property and is not an attempt to recover any amounts from you personally. If you have surrendered your property during your bankruptcy case, please disregard this notice. Finally, if you are in an active Chapter 11, 12 or 13 case, and an Order for Relief from the Automatic Stay has not been issued, you should continue to make payments in accordance with your bankruptcy plan.

Exhibit 5 (P. 2 of 3)

# IMPORTANT INFORMATION

**Schedule of Standard Servicing Fees for Washington**

| Fee Name | Fee Description | Estimated Fee Amount |
|---|---|---|
| Balloon Reset/Cast | Fee required to reset balloon loans or recast a loan when loan documents allow for this function. | $170 - $1200 (includes hard dollar costs which range by county) |
| Broker Price Opinion (BPO) | Brokers or other qualified individuals provide an estimate of the market value of property. | NO CHARGE |
| Inspection | Inspections are performed to ensure that the property is occupied and appropriately maintained. | $16.50 - $42.00 |
| Late Charges | Penalty charged to the borrower if a payment is received past the grace days. | Fees assessed according to loan documents |
| Non Sufficient Funds (NSF) Fee | Fee charged for a check that was applied to the borrower's account but returned unpaid by the borrower's depository institution (bank, savings bank, etc). | $25.00 |
| Pay by Phone | One time charge to a borrower to make a payment using the pay by phone service. Use of this service is optional. Other payment options are available that have no additional costs. | $7.50 via phone $12.50 via customer service |
| Payoff Statement | Fee charged when a payoff statement is requested to be mailed or faxed. | $30.00 |
| Recording Fee | Fee charged by the county recorder's office to record the release / satisfaction when the loan is paid-in-full. | $76.00 |
| Subordination | Processing/underwriting fee to review new loan details and our existing second lien loan to consider permitting the new loan to have priority, or first lien position, over our existing second lien loan. | NO CHARGE |
| Wire | Fee assessed for wired payments. Use of this service is optional. Other payment options are available that have no additional costs. | NO CHARGE |

All fees and amounts are subject to change without prior notice. Additional fees and amounts may apply depending on your specific request and the status of your loan.



Exhibit 5 (P. 3 of 3)

REPRESENTATION OF PRINTED DOCUMENT

 **PHH**

MORTGAGE

## PHH Mortgage Services
1 Mortgage Way
Mt. Laurel, NJ 08054

Tel: 877.744.2506
Fax: 856.917.8300

6/4/2019

Loan Number: ███9953

3-814-AZH79-0006460-003-01-001-000-000-000

JAN M MATHIESON
476 BRONSON WAY NE
RENTON WA 98056-3653

**Property Address:**
476 Bronson Way NE
Renton, WA 98056-3653

Dear Customer(s),



### Why We Are Sending This Letter

**This is an important notice containing information <u>critical</u> to this mortgage account.**

**Ocwen Loan Servicing** has joined forces with PHH Mortgage Services, a mortgage company with well-established mortgage origination and servicing capabilities. As a result, we will be consolidating all mortgage accounts into one company, **PHH Mortgage Services ("PHH")**.

Effective **6/1/2019**, PHH became the new servicer for this account and will be collecting the mortgage payments going forward.

Please rest assured that Ocwen will be here through this transition. Together, Ocwen and PHH stand ready to assist in any way we can. For any questions regarding the transition, please call **877.744.2506.**



### What Needs To Be Done

Please send all payments due **on or after 6/1/2019 to PHH** at this address:

**PHH Mortgage Services**
P.O. Box 371458
Pittsburgh, PA 15250-7458

If currently using an Online Bill Payment provider, please contact them to update the payee, remittance address and new account number (if applicable). Failure to make these updates could delay the crediting of payments. An ACH sign up form has also been added for convenience.



### What We Will Do

Due to this transfer, the account number will change. The Ocwen account number is ███6089, and the new PHH account number will be ███9953.

During the 60-day period following the transfer date of **6/1/2019**, any payment received by Ocwen on or before its due date will not be treated as late by PHH and no late fee will be charged.

After **6/11/2019**, your Relationship Manager, **Junior Greeves** can be contacted by calling the PHH Customer Care Center at **877.744.2506** and requesting to speak with him/her.

WLCMPHH

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Exhibit 6 (P. 1 of 10)

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT



## PHH Mortgage Services
### 1 Mortgage Way
### Mt. Laurel, NJ 08054

Tel: 877.744.2506
Fax: 856.917.8300

MortgageQuestions.com is PHH's servicing website, which you will be able to access once the transfer process is complete, by 6/7/2019.

If you are currently a registered user on ocwencustomers.com, your current username can be entered on MortgageQuestions.com. You will need to use a temporary password which will be the last six digits of your Social Security Number. On initial login, you will be prompted to create a new password, answer a recovery question and set up security questions. By completing these actions, you agree to the terms and conditions for use of the website (https://www.mortgagequestions.com/info/15882/landscape?jpid=GlobalTermsOfUse) and will be registered on MortgageQuestions.com.

- **Remember, you can use your current username**
- **Your temporary password will be the last 6 digits of your Social Security Number**

WLCMPHH

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Exhibit 6 (P. 2 of 10)

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT

**PHH**
MORTGAGE

**PHH Mortgage Services**
1 Mortgage Way
Mt. Laurel, NJ 08054

Tel: 877.744.2506
Fax: 856.917.8300

# NOTICE OF SERVICING TRANSFER
### EFFECTIVE 6/1/2019



The servicing of this mortgage has been transferred, effective **6/1/2019**. This means that on or after this date, PHH will be collecting the mortgage payments. The transfer of servicing does not affect any term or condition of the mortgage other than terms directly related to the servicing of the account.

**Ocwen Loan Servicing, LLC ("Ocwen")** was collecting the payments. Ocwen stopped accepting payments received after **5/31/2019**. **PHH Mortgage Services ("PHH")** will collect the payments going forward. PHH started accepting payments received on **6/1/2019**.

Please send all payments due **on or after 6/1/2019 to PHH** at this address:

**PHH Mortgage Services**
P.O. Box 371458
Pittsburgh, PA 15250-7458

For any questions about the mortgage account or this transfer, please contact Ocwen or PHH using this information:

|  | **Until 5/31/2019:** | **On or After 6/1/2019:** |
|---|---|---|
| **Servicer** | Current Servicer<br>Ocwen Loan Servicing, LLC | New Servicer<br>PHH Mortgage Services |
| **Department** | Customer Service | Customer Service |
| **Toll-Free Number** | 800.746.2936 | 877.744.2506 |
| **Website** | ocwencustomers.com | MortgageQuestions.com |
| **Address** | P.O. Box 24736<br>West Palm Beach, FL 33416 | 1 Mortgage Way<br>Mt. Laurel, NJ 08054 |
| **Account Number** | 687756089 | 8012079953 |

Under Federal law, during the 60-day period following the effective date of the transfer of mortgage servicing, a payment received by Ocwen on or before its due date may not be treated by PHH as late, and a late fee may not be assessed to the account.

Sincerely,
PHH Mortgage Services

WLCMPHH
*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Exhibit 6 (P. 3 of 10)

Case 19-01140-TWD   Doc 29   Filed 03/31/21   Ent. 03/31/21 17:33:27   Pg. 29 of 61

3-814-AZH79-0006460-003-02-001-000-000-000

REPRESENTATION OF PRINTED DOCUMENT



## PHH Mortgage Services
### 1 Mortgage Way
### Mt. Laurel, NJ 08054

Tel: 877.744.2506
Fax: 856.917.8300

**ADDENDUM TO NOTICE OF SERVICING TRANSFER**

Account Number: ████9953

The new servicer is:
PHH Mortgage Services
P.O. Box 5452
Mt. Laurel NJ, 08054
**877.744.2506**

As of the **6/1/2019**, the principal balance of this account is: **$179,831.41**

As of the **6/1/2019**, the escrow balance on this account is: **-$2,529.70**. Any questions about the escrow account may be directed to our Customer Service Department at 877.744.2506. It is PHH Mortgage Service's policy to maintain escrow accounts in accordance with applicable legal requirements.

As of the **6/1/2019**, transfer date, the current interest rate in connection with this account is **4.37500%**. If this account has a variable rate, please note that the interest rate provided in this notice is the current interest rate as of the transfer date and does not include future adjustments.

As of the **6/1/2019**, transfer date, the current required monthly payment in connection with this account is **$1,265.72**. This amount consists of a monthly principal and interest payment of **$964.60** and a monthly escrow payment of **$301.12**. The monthly payment amount required may change in the future if there are changes to the interest rate or escrowed items (such as taxes, homeowner's insurance, or mortgage insurance), if there are late charges or other fees, or if the loan were entered into a mortgage assistance option.

The next monthly payment is due on **10/1/2018**. Subsequent monthly payments will be due on the same date each month thereafter.

IMPORTANT MESSAGING

PHH Mortgage Service's primary regulator is the Consumer Financial Protection Bureau ("CFPB"). The CFPB's mailing address is PO Box 4503, Iowa City, IA 52244.

WLCMPHH

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Exhibit 6 (P. 4 of 10)

INTERNET REPRINT



**PHH Mortgage Services**

1 Mortgage Way
Mt. Laurel, NJ  08054

Tel: 877.744.2506
Fax: 856.917.8300



## Frequently Asked Questions about Servicing Transfers

**Why is this mortgage account being transferred?**
**Ocwen Loan Servicing** has joined forces with PHH Mortgage Services, a mortgage company with well-established mortgage origination and servicing capabilities. As a result, we will be consolidating all mortgage accounts under one company, **PHH Mortgage Services ("PHH").**

**What payment methods are available?**
PHH offers several convenient options. In addition to making a payment by mail, the accountholder may enroll for recurring payments from a checking or savings account or make payments online at MortgageQuestions.com. If the monthly payment is made through an online bill payment service with a biweekly program or via a government allotment service, please be sure to change the payee to PHH and use the new payment address and account details as applicable.

**How will this affect the credit reporting for this account?**
After **6/1/2019**, the current Ocwen account number will be reported to the credit bureaus as "Account Transferred to another Servicer/Company." Activity on the new account number will appear under the name "PHH Mortgage Services" on the credit report going forward.

**What if I made a payment to Ocwen, but it does not show up on my PHH account?**
If Ocwen receives a payment on or after **6/1/2019**, the payment will be forwarded automatically to PHH. It may take a few days for PHH to receive and apply the payments, but this forwarding will not negatively impact the account or credit report during the first 60 days after transfer.

**Does PHH have a website?**
The PHH website is MortgageQuestions.com. We encourage registration on the website to access all the account activity, including payment due dates and amounts, escrow balances and other account information. Election of paperless billing, direct debits and various alerts, including payments received, hazard disbursements, tax disbursements, paperless documents, and year-end statements are also available.

**Can I use my ocwencustomers.com username and password to log in to MortgageQuestions.com?**
Yes, your current username will be active after 6/7/2019 on the MortgageQuestions.com site. You will need to enter a temporary password, which will be the last six digits of your Social Security Number. On initial login you will be prompted to create a new password, answer a recovery question and set up security questions.

**Will I continue to receive paperless billing notifications?**
Yes. If enrolled in paperless billing, you will continue to receive emails notifying you of the availability of the billing statement at MortgageQuestions.com.

**I am under the protection of the Servicemembers Civil Relief Act (SCRA). Do I need to take action regarding this?**
The service transfer does not impact any service member protections. Please notify us of any change in active duty status.

---

WLCMPHH

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Exhibit 6 (P. 5 of 10)

INTERNET REPRINT

3-814-AZH79-0006460-003-03-001-000-000-000



## PHH Mortgage Services
### 1 Mortgage Way
### Mt. Laurel, NJ 08054

Tel: 877.744.2506
Fax: 856.917.8300

## Mortgage Modification Questions

**A trial modification plan is currently in place, but payments remain due before the account is permanently modified. What should be done?**

Monthly payments should continue to be made as required in the modification plan. Ocwen's records will be maintained by PHH Mortgage Services, including the status of the modification. Please allow 30 days for PHH to review and process the information. It is not necessary to call for a status prior to 30 days, as the agent will not have any additional information to provide.

If the trial plan is scheduled to end within 60 days of the mortgage account transfer date, the trial plan will not expire until the later of (a) the last day of the month the modification becomes effective, as noted in the final Modification Agreement, or (b) the due date by which the final Modification Agreement must be returned, as noted in the final Modification Agreement.

**A trial modification is currently in place. Is it necessary to provide any additional information for the mortgage account to be permanently modified?**

No. There is no need to send any additional documentation for PHH to send a final Modification Agreement. Once the executed, final Modification Agreement is returned and all required monthly trial plan payments have been made, PHH will permanently modify the mortgage.

**A modification application has just been submitted to Ocwen. Should this also be sent to PHH?**

It is not necessary to resubmit the application or documents to PHH. Please allow up to 30 days from the date of the account transfer for PHH to process the application and determine eligibility. It is not necessary to call prior to 30 days, as the agent will not have any additional information to provide.

**I received a notice from Ocwen that there were missing documents for a modification, but I have not sent them yet. Should these documents be sent to PHH now?**

Yes, please send the documents to PHH Mortgage Services by fax to 856.917.2848 or by email to HAT@mortgagefamily.com. Ocwen will be providing PHH with the status of the modification (trial plan or initial application), copies of the initial application and information identifying the missing documentation.

**I have a Short Sale or Deed in Lieu application pending with Ocwen. Do I have to resend all the documentation to PHH now and re-apply?**

If there is a pending foreclosure sale date or closing scheduled in the next 60 days, please resend the documentation to PHH by fax to 856.917.2848 or by email to HAT@mortgagefamily.com. If there is not a foreclosure sale or scheduled closing in the next 60 days, Ocwen will provide PHH the status of the pending resolution. PHH will follow up with a final approval or denial. Please allow PHH Mortgage Services 30 days to process the Short Sale or Deed in Lieu application.

**I received approval from Ocwen for a Short Sale or Deed in Lieu. Will this approval be honored by PHH?**

Yes. It will be honored as long as the original requirements or contingencies for approval provided by Ocwen are met. With respect to Short Sales, please note that the original expiration date of Ocwen's approval (the "good through" date) still applies; if it has expired, the approval is no longer valid. Ocwen will be providing these approval requirements to PHH.

WLCMPHH
*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Exhibit 6 (P. 6 of 10)

INTERNET REPRINT

**PHH Mortgage Services**
1 Mortgage Way
Mt. Laurel, NJ  08054

Tel: 877.744.2506
Fax: 856.917.8300



**This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally in violation of any applicable stays or injunctions arising out of any bankruptcy case.**

# MORTGAGE ACCOUNT RECORD
### FDCPA VALIDATION OF DEBT

PHH Mortgage Services is the servicer of the above-referenced account (hereinafter referred to as "the Debt") for ("Creditor") TIAA, FSB (fka Everbank).

As of **6/1/2019**, our records reflect that the current unpaid debt is:

| | |
|---|---|
| Principal | $179,831.41 |
| Interest | $5,922.61 |
| Late Charge | $0.00 |
| Collection Cost | $3,248.02 |
| Escrow Advances | $2,529.70 |
| Non-Sufficient Funds (NSF) Fees | $0.00 |
| Securitized Interest Balance | $0.00 |
| Deferred Principal Balance | $0.00 |
| Suspense Balance | $607.36 |
| **Total Unpaid Debt** | **$190,924.38** |

- Please be advised that accrued interest, fees, corporate and escrow advances, and other charges (including prepayment charges if applicable) may be assessed to the account prior to receipt of any payment. Therefore, the total amount due on the day a payment is received by us may change.

- This notice is not intended as a payoff statement for the underlying mortgage. It merely states the amount of the debt as of the day of this notice. Please contact us at **877.744.2506** to request a contractual payoff statement.

- All payments must be made in certified funds, cashier's check or money order(s) payable to PHH Mortgage Services. Please always include the "Account Number" with a payment.

**Notice: See Below for Important Information***

| **HOW TO SEND CERTIFIED FUNDS/CASHIER'S CHECK/MONEY ORDER** |
|---|
| **Be sure to include the account number on payment!** |
| Send by overnight or certified mail to:<br>**PHH Mortgage Services**<br>**1 Mortgage Way**<br>**Mail Stop: SVCF**<br>**Mt Laurel, NJ  08054**<br><br>Help us process the payment faster! Call us with the payment tracking number. |

WLCMPHH

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Exhibit 6 (P. 7 of 10)

INTERNET REPRINT

**PHH Mortgage Services**
1 Mortgage Way
Mt. Laurel, NJ  08054

Tel: 877.744.2506
Fax: 856.917.8300

Unless, within thirty (30) days after receipt of this notice, you dispute the validity of this debt or any portion thereof, we will assume the debt to be valid. If, within thirty (30) days after receipt of this notice, you notify us in writing that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment and provide you a copy of such verification or judgment by mail.

You may request additional information on this account without filing a dispute. If requested in writing within thirty (30) days after receipt of this notice, we will provide the name and address of the original creditor, if different from the current creditor.

If experiencing the event of a financial hardship, please contact our Customer Care Center immediately. Our Customer Care Coordinators can assist you or help you set up an appointment with a Relationship Manager to discuss mortgage assistance options and explore options to avoid foreclosure. If the account has been previously denied a modification, short sale or other resolution by the prior servicer, we may still be able to help.

For your convenience, you can set up an appointment with a Relationship Manager at any time, simply by calling our Customer Care Center toll-free at **877.744.2506**, Monday through Friday 8 am to 9 pm and Saturday 8 am to 5 pm ET. Once a Relationship Manager is assigned, she/he will be responsible for monitoring the account, making sure we have all the necessary critical information and carefully reviewing the situation.

This communication is regarding the mortgage account originated on 5/25/2011 and secured by the property located at 476 Bronson Way NE  Renton, WA 98056-3653, which was service transferred to PHH Mortgage Services on 6/1/2019.

WLCMPHH

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Exhibit 6 (P. 8 of 10)

INTERNET REPRINT

# ACH AUTHORIZATION FORM

*(Please complete the entire form)*

Borrower Name: _____

Loan Number: _____

Borrower Name: _____

**I (we) authorize PHH Mortgage Services to electronically debit my (our) account as follows:**

**Draft from: Checking / Savings** (circle one)

Mailing Address:_____

_____

**Draft date:** _____

(Choose any date within the grace period. For example, if payments are due on the 1st of the month and there is a 15-day grace period, please choose a draft date from the 1st through the 15th of the month. Please refer to the Note for the number of days in the grace period.)

Bank Name:_____

Account Number: _____

Bank Routing (ABA) Number: _____

Accountholder Name:_____

**Note:** Must be within next 60 days and within the next payment grace period under the terms of the account, or the request cannot be processed

**Payment Frequency:** Monthly

Draft additional funds in the amount of $_____ each month and apply to the loan

I (we) hereby authorize PHH Mortgage Services to electronically debit the amount of the monthly payment and any additional funds I (we) have indicated above from the account listed in this authorization. In addition, I (we) agree to the terms provided on this form and on the next page. I (we) understand that the debit amount of the monthly payment electronically debited by PHH Mortgage Services may change in the event there is a corresponding change in the monthly payment due under the terms of the account. PHH Mortgage Services will provide notification of any mortgage payment changes at least 10 days before they occur. I (we) understand that this authorization will remain in full force and effect until I (we) notify PHH Mortgage Services, in writing at PHH Mortgage Services, P.O. Box 5456, Mt Laurel, NJ 08054-9526, that I (we) wish to revoke this authorization. **I (we) understand that PHH Mortgage Services requires at least 30 days prior notice in order to cancel this authorization.**

Name: _____
        (please print)

Name: _____
        (please print)

Signature: _____ Date: _____

Signature: _____ Date: _____

**Please complete and sign this ACH Authorization Form and send it <u>with a voided check</u> to:**

PHH Mortgage Services
Direct Debit Department
SV-61 P.O. Box 5456
Mount Laurel, NJ 08054-9526

## Exhibit 6 (P. 9 of 10)

INTERNET REPRINT

3-814-AZH79-0006460-003-05-001-000-000-000

## Additional Authorization Terms

Contact in event of unauthorized transfer. If you believe an unauthorized transfer has been made or if you believe a transfer has been made using the information from your check without your permission, call us at 877-744-2506 or write: PHH Mortgage Services, P.O. Box 5452, Mt Laurel, NJ 08054.

*Business days.* For purposes of these disclosures, our business days are Monday through Friday. Holidays are not included.

*Confidentiality.* We will disclose information to third parties about your account or the transfers you make:
- Where it is necessary for completing transfers, or
- In order to verify the existence and condition of the account for a third party, such as a credit bureau or merchant, or
- In order to comply with government agency or court orders, or
- If you give us your written permission.

*Periodic statements.* You will get a monthly account statement.

*Right to stop payment and procedure for doing so.* If you have told us in advance to make regular payments out of the account, you can stop any of these payments. Here's how: Call us at 877-744-2506 or write us at P.O. Box 5452, Mt Laurel, NJ 08054 in time for us to receive your request at least three business days before the draft date of the next scheduled payment. If you call, we may also require you to put your request in writing and get it to us within 14 days after you call. If you choose to log on to our self service web address at www.mortgagequestions.com you can request a stop payment on your ACH enrolment 20 days prior to your next scheduled draft date.

*Liability for failure to stop payment of preauthorized transfer.* If you order us to stop one of these payments 3 business days or more before the transfer is scheduled, and we do not do so, we will be liable for your losses or damages.

*Financial institution's liability.* If we do not complete a transfer to or from the account on time or in the correct amount according to our agreement with you, we will be liable for your losses or damages. However, there are some exceptions. We will not be liable, for instance:
- If, through no fault of ours, the account does not have enough money to make the transfer.
- If the transfer would go over the credit limit on the overdraft line.
- If circumstances beyond our control (such as fire or flood) prevent the transfer, despite reasonable precautions that we have taken.
- There may be other exceptions stated in our agreement with you.

*In Case of Errors or Questions About Your Electronic Transfers.* Call us at 877-744-2506 write us at SV-61 P.O. Box 5456, Mt Laurel, NJ 08054-9526 or log on to MortgageQuestions.com and email us as soon as you can if you think your statement is wrong or if you need more information about a transfer listed on the statement. We must hear from you no later than 60 days after we sent the FIRST statement on which the problem or error appeared.
- Tell us your name and account number.
- Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe it is an error or why you need more information.
- Tell us the dollar amount of the suspected error.

If you tell us orally, we may require that you send us your complaint or question in writing within 10 business days. We will determine whether an error occurred within 10 business days after we hear from you and will correct any error promptly. If we need more time, however, we may take up to 45 days to investigate your complaint or question. If we decide to do this, we will credit your account within 10 business days for the amount you think is in error, so that you will have the use of the money during the time it takes us to complete our investigation. If we ask you to put your complaint or question in writing and we do not receive it within 10 business days, we may not credit the account.

For errors involving new accounts or foreign-initiated transactions, we may take up to 90 days to investigate your complaint or question. We will tell you the results within three business days after completing our investigation. If we decide that there was no error, we will send you a written explanation. You may ask for copies of the documents that we used in our investigation.

INTERNET REPRINT



PHH Mortgage Services
P.O. Box 5452
Mt. Laurel, NJ 08054-5452

## Your monthly mortgage statement

To obtain information about your account:
Visit: www.MortgageQuestions.com
Call toll free: 1-877-744-2506
Fax: 1-856-917-8300

182102 SP 2620     RE     OC1
JAN M MATHIESON
476 BRONSON WAY NE
RENTON, WA 98056-3653

Loan number: ████9953
Payment Due Date: 7/1/2019
**Amount Due: $15,971.65**
*If payment is received after 7/18/2019, a $38.58 late fee may be charged.*

**Statement Date: 6/21/2019**

### Account Information

| | |
|---|---|
| Property Address | 476  BRONSON WAY NE<br>RENTON, WA 98056 3653 |
| Outstanding Principal Balance (not payoff amount) | $179,831.41 |
| Current Interest Rate | 4.3750% |
| Prepayment Penalty | No |
| Escrow Balance | $2,529.70- |
| Suspense Balance | $607.36 |

### Past Payments Breakdown

| | Paid Last Month | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $307.84 |
| Interest | $0.00 | $656.76 |
| Escrow (Taxes and/or Insurance) | $0.00 | $301.12 |
| Fees | $0.00 | $162.55 |
| Optional Products | $0.00 | $0.00 |
| Partial Payment (Unapplied)* | $607.36 | $607.36 |
| **Total** | **$607.36** | **$2,035.63** |

### Explanation of Amount Due

| | |
|---|---|
| Principal | $319.25 |
| Interest | $645.35 |
| Escrow (for Taxes and Insurance) | $367.55 |
| Optional Products/Other | $0.00 |
| **Regular Monthly Payment** | **$1,332.15** |
| Total New Fees and Charges | $0.00 |
| Outstanding Unpaid Late Charges, Returned Item Charges, Shortages and Other Fees | $0.00 |
| Assessed Expenses | $3,248.02 |
| Past Due Payment(s) | $11,391.48 |
| **Total Amount Due** | **$15,971.65** |

### Important Messages

You are currently due for the 10-1-2018 payment.
Your last full payment was applied to the payment due 9-1-2018.

*Partial Payments: Any partial payments that you make are not applied to your mortgage, but instead are held in a separate suspense account. If you pay the balance of a partial payment, the funds will then be  applied to your mortgage.

### Transaction Activity

| Posted Date | Received/ Credited Date | Description | Principal ($) | Interest ($) | Escrow ($) | Late Charges, Shortages & Fees ($) | Suspense & Other   ($) | Total ($) |
|---|---|---|---|---|---|---|---|---|
| 06/05 | 00/00 | Assessed Expense - INSPECTION FEE Paid | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | $20.00 |
| 06/05 | 00/00 | Assessed Expense - INSPECTION FEE Paid | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | $20.00 |
| 06/05 | 00/00 | Assessed Expense - RECORDING FEE Paid | $0.00 | $0.00 | $0.00 | $0.00 | $22.00 | $22.00 |
| 06/05 | 00/00 | Assessed Expense - TITLE SEARCH Paid | $0.00 | $0.00 | $0.00 | $0.00 | $905.02 | $905.02 |
| 06/05 | 00/00 | Assessed Expense - BK MOT FILING FE Paid | $0.00 | $0.00 | $0.00 | $0.00 | $181.00 | $181.00 |
| 06/05 | 00/00 | Assessed Expense - BK ATTY FEE Paid | $0.00 | $0.00 | $0.00 | $0.00 | $850.00 | $850.00 |
| 06/05 | 00/00 | Assessed Expense - BK ATTY FEE Paid | $0.00 | $0.00 | $0.00 | $0.00 | $100.00 | $100.00 |
| 06/05 | 00/00 | Assessed Expense - PROOF CLAIM - BK Paid | $0.00 | $0.00 | $0.00 | $0.00 | $750.00 | $750.00 |
| 06/05 | 00/00 | Assessed Expense - OBJ TO PLAN Paid | $0.00 | $0.00 | $0.00 | $0.00 | $250.00 | $250.00 |
| 06/05 | 00/00 | Assessed Expense - PROOF CLAIM - BK Paid | $0.00 | $0.00 | $0.00 | $0.00 | $150.00 | $150.00 |
| 05/24 | 05/24 | Insurance Disbursement | $0.00 | $0.00 | -$820.00 | $0.00 | $0.00 | -$820.00 |
| | | ALLSTATE INSURANCE CO | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

**This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

Complete this coupon; tear it off and return it with your check. Please write your loan number on your check and make it payable to PHH Mortgage Services.

Loan number:   8012079953
JAN M MATHIESON

**PHH Mortgage Services**
1 MORTGAGE WAY
MAIL STOP: SVCF
MT. LAUREL NJ 08054

| | |
|---|---|
| Payment Due Date | 7/1/2019 |
| Regular Monthly Payment | $1,332.15 |
| Total New Fees and Charges | $0.00 |
| Outstanding Unpaid Late Charges, Returned Item Charges, Shortages and Other Fees | $0.00 |
| Assessed Expenses | $3,248.02 |
| Past Due Payments | $11,391.48 |
| **Total Amount Due** | **$15,971.65** |

*If you're paying more than the amount due, please tell us where you want us to apply the extra amount. If we do not receive your instructions, we'll apply the extra amount first to unpaid late charges and then to principal.*

| | |
|---|---|
| Extra principal | $_____ |
| Extra escrow | $_____ |
| Unpaid late charges | $_____ |
| Other (specify)_____ | $_____ |
| **Total check enclosed** | $_____ |

Exhibit 7 (P. 1 of 4)

Case 19-01140-TWD     Doc 29     Filed 03/31/21     Ent. 03/31/21 17:33:27     Pg. 37 of 61

# For your information

PHH Mortgage Services will perform all servicing activities for your mortgage loan.

## Pay by phone or web:
You can make your payment by phone at 1-877-729-3273 or visit the website shown on the front of this statement to make a Speedpay payment. You may also make one time additional principal payments as long as your account is current. To have your payment or additional principal post the same business day, your payment must be completed by 8:00 pm ET, Monday through Friday. Please note a fee may apply.

## How we process your payment
When you provide a check as payment, you authorize us either to use the information from your check to make a one-time electronic fund transfer from your account, or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution. If you would like to opt-out of this program or if you have any questions, please call us at the phone number shown on the front of this statement.

## Can I pay additional principal at any time?
Yes. Additional principal payments can be deducted with your Direct Debit monthly payment from your designated checking or savings account. The payment coupon on your statement also allows you to indicate an additional principal payment with your monthly payment.

You can also make a one-time additional principal payment by mailing a check to:

Payment Processing
P.O. Box 371458
Pittsburgh, PA 15250-7458

Please make sure to put both your account number and indicate "Principal Only" in the memo section of your check. Your account must be current in order to make an additional principal payment.

## Receipt and Crediting of Payments
Payments received Monday-Saturday at the address on the payment coupon provided will be credited the date of receipt if 1) in US dollars in the form of a check drawn on a US Bank, and 2) received in the envelope provided with the payment coupon enclosed. All other mailed payments are considered to be non-conforming and may not be credited for up to 5 business days. Please write your loan number on your check and do not send cash or attach your check to the payment coupon. Payments that otherwise comply with the 2 criteria stated but are received on legal holidays or on a Sunday may not be credited until the next business day.

## Information about taxes
If you have an escrow account, we'll arrange with your tax authority to have your regular tax bills sent directly to us. However, some tax authorities may continue to send your regular tax bills to you directly. Your tax authority will send other types of tax bills, such as corrected, supplemental or special assessment bills, directly to you.

If you have an escrow account and you receive a tax bill, write your loan number on the bill and send it as soon as possible to:

PHH Mortgage Services
Attention: Tax Department
P.O. Box 24665
West Palm Beach, FL 33416-4665

For information about your escrow account, such as the date taxes were paid, the amount of taxes paid, or the property description used for tax purposes, visit the website shown on the front of this statement.

## Information about hazard insurance
Under the terms of your mortgage, you must maintain a property insurance policy with the appropriate coverage and deductible amounts.

The coverage must include homeowner/fire, windstorm and earthquake coverage if required. If your home is located in a FEMA designated flood zone, you will also be required to maintain appropriate flood insurance.

04PHM096507        rev 1/19        Page 2

If you have an escrow account, the annual premiums for your hazard insurance will be paid from your escrow account. If you do not have an escrow account, you must provide us a copy of your current hazard insurance policy and payment receipt. If you do not provide us this information, we'll obtain hazard insurance at your expense. The coverage we obtain may not be comparable to a policy that you would choose.

## Contact information for general insurance
Mailing address:                               Phone: 1-888-882-1855
   PHH Mortgage Services               Fax: 1-937-525-4210
   Attention: Insurance Department P.O. Box 5954
   Springfield, OH 45501-5954

## Contact information for property damage and loss draft checks
Mailing address:                               Phone: 1-888-882-1855
   PHH Mortgage Services
   Attention: Loss Draft Department
   P.O. Box 7459 Springfield, OH 45501-7459

For insurance information, visit www.mycoverageinfo.com and enter PIN CM954.

## Requests for Information and Notices of Error, including Qualified Written Requests
If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred:

PHH Mortgage Services
P.O. Box 66002
Lawrenceville, NJ 08648

## Fees
The following is a list of fees we charge for the services indicated. We may charge a fee for this service where permitted by applicable law. Additional fees may apply for services not listed. For additional information regarding fees, you may contact us at the number on the front of your statement.

| | |
|---|---|
| Loan History | $0 - $10.00 |
| Returned Payment Fee | $0 - $50.00 |
| Paying by Phone or Web | $0 - $17.50 |
| Lien Release | Varies by State |
| Wire Fee | $0 - $25.00 |
| Certified Mail Fee | $0 - $7.30 |
| Payoff Quote | $0 - $30.00 |

## Important Bankruptcy Information
If your original obligation has been discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and/or is notice of the creditor's intent to enforce a lien against the property and does not constitute a demand for payment or an attempt to impose personal liability for such obligation.

## Information about Mortgage Counseling or Assistance
If you would like contact information for counseling agencies or programs in your area, call the U.S. Department of Housing and Urban Development (HUD) at 800-569-4287 or visit www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Additional educational resources are available at Fannie Mae's Know Your Options website, https://www.knowyouroptions.com/.
Additional payment assistance options are also available by contacting PHH Mortgage Services.

## State Disclosures
California Property Owners – An escalation hotline has been established for California consumers with concerns about their mortgage account. The toll-free hotline is available at 877-726-5793. Also, if you would like to request an accounting of your escrow account pursuant to California Civil Code Section 2954, you may contact us to request this information.

## Change of name or address
If your contact information has changed, please give us the new information below.

Name (first, middle, last)

Address (number and street)                                        Suite no.

City                                State                Zip Code

Home telephone                      Business telephone        Extension
(        )                           (        )

E-mail address

JAN M MATHIESON

**To obtain information about your account:**
**Visit: www.MortgageQuestions.com**
**Call toll free:** 1-877-744-2506
**Fax:** 1-856-917-8300
Loan number: ████9953

### Important Information

Please note your loan has been referred to an attorney to start foreclosure proceedings.  Prior to remitting payment you MUST contact the attorney for the full reinstatement amount as the amount above may have changed.  If you need information regarding the attorney assigned to your loan please contact customer service at 866-947-7729.

If you have been approved for a loss mitigation workout program, please refer to your agreement for payment details.



PHH Mortgage Services
P.O. Box 5452
Mt. Laurel, NJ 08054-5452

JAN M MATHIESON

**To obtain information about your account:**
Visit: www.MortgageQuestions.com
**Call toll free:** 1-877-744-2506
**Fax:** 1-856-917-8300
Loan number: ████9953

---

| ** Delinquency Notice ** |
|---|

**You are late on your mortgage payments.** Failure to bring your loan current may result in fees and foreclosure — the loss of your home. Your loan became delinquent 10/1/2018.  As of 06/21, you are 263 days delinquent on your mortgage loan.

*Recent Account History*

- Payment due on 01/01/19:  Unpaid balance of $1,265.72
- Payment due on 02/01/19:  Unpaid balance of $1,265.72
- Payment due on 03/01/19:  Unpaid balance of $1,265.72
- Payment due on 04/01/19:  Unpaid balance of $1,265.72
- Payment due on 05/01/19:  Unpaid balance of $1,265.72
- Payment due on 06/01/19:  Unpaid balance of $1,265.72
- Current payment due 07/01/19: $1,332.15
- **Total: $15,971.65 due. You must pay this amount to bring your loan current.**

**If you are experiencing financial difficulty: See the back of page 1 of your statement for information about mortgage counseling or assistance.**

**The first notice or filing required by applicable law for the foreclosure process has not been made.**

Exhibit 7 (P. 4 of 4)



PHH Mortgage Services
1 Mortgage Way
Mt. Laurel NJ 08054

Tel 877-744-2506
Fax 856-917-8300

December 26, 2019

███████████████
Litigation Team

```
                                  LOAN NO:           ███9953
                                  LOAN TYPE:     FHA
                                  INVESTOR:      ██████████████
                                  BILL MODE:     9
```


```
MORTGAGOR(S):                     PROPERTY INFORMATION:
Jan M Mathieson                   476 Bronson Way NE
                                  Renton WA 98056
                                  ████████    ██████████
```

```
Due Date of Monthly Payment: October 01, 2018
Interest Rate 4.37500%
The Current Principal Balance is:                    $    179,831.41
Total Interest Due as of 02-01-20                         11,145.88
Escrow/Impound Overdraft                                   4,014.87
Recoverable Balance                                        6,200.52
Lien Release Fee                                                .00
Recording Fee                                                99.00
Corporate Seconds                                              .00
Priority Stmt Fee                                              .00
Demand Statement Fee                                          .00
Payoff valid through (February 01, 2020)
TOTAL AMOUNT DUE TO PAY LOAN IN FULL BY 02-01-20     $    201,291.68

Wire Fee                                             $          .00
TOTAL AMOUNT DUE TO PAY LOAN IN FULL BY WIRE BY 02-01-20  $    201,291.68
```

```
THIS STATEMENT REFLECTS THE TOTAL AMOUNT DUE UNDER THE TERMS OF THE
NOTE/SECURITY INSTRUMENT THROUGH THE CLOSING DATE, WHICH IS 02-01-20.
If this obligation is not paid in full by this date, then you should
obtain from us an updated payoff amount before closing. Our lien will
not be satisfied until any and all amounts secured by the mortgage or
deed of trust have been paid in full.

IF PAYING BY WIRE
Domestic wire transfers provide the fastest way to receive payoff funds
and thereby minimize the possibility of additional per month interest being
due and payable. Please note that we do not accept international wire
transfers. If paying by wire transfer, there may be a processing fee
included in the "Total Due to Pay Loan In Full Via Wire" figure above.

SEND WIRES TO:
M&T Bank
1 MT Plaza, Buffalo,NY,14203
ABA: ███████████ / Account No.: ███████████
Credit To: PHH Mortgage Services
Payoff Funds for Loan No: ██████9953
```

XP071/S3D

*Log in to MortgageQuestions.com —- your servicing website connection.*

Exhibit 8 (P. 1 of 2)



PHH Mortgage Services
1 Mortgage Way
Mt. Laurel NJ 08054

Tel 877-744-2506
Fax 856-917-8300

Exhibit 8 (P. 2 of 2)



PHH Mortgage Services
P.O. Box 5452
Mt. Laurel, NJ 08054-5452

## Your monthly mortgage statement

To obtain information about your account:
Visit: www.MortgageQuestions.com
Call toll free: 1-877-744-2506
Email us: CustomerCare@mortgagefamily.com
Fax: 1-856-917-8300

45394 SP 2783      RE      OC1

JAN M MATHIESON
C/O JOY LEE BARNHART
15 S. GRADY WAY, STE 535
RENTON, WA 98057

Loan number: ███████9953
Payment Due Date: 2/1/2020
**Amount Due: $26,937.05**
*If payment is received after 2/18/2020, a $38.57 late fee may be charged.*

**Statement Date: 1/21/2020**

### Account Information

| | |
|---|---|
| Property Address | 476  BRONSON WAY NE<br>RENTON, WA 98056 3653 |
| Outstanding Principal Balance (not payoff amount) | $179,831.41 |
| Current Interest Rate | 4.3750% |
| Prepayment Penalty | No |
| Escrow Balance | $4,014.87- |
| Suspense Balance | $607.36 |

### Explanation of Amount Due

| | |
|---|---|
| Total New Fees and Charges | $0.00 |
| Outstanding Unpaid Late Charges, Returned Item Charges, Shortages and Other Fees | $0.00 |
| Assessed Expenses | $6,220.52 |
| Past Due Payment(s) | $20,716.53 |
| Total Amount Due as of 1/21/2020 | $26,937.05 |
| Accelerated Amount (not a payoff amount) | $201,311.68 |

### Past Payments Breakdown

| | Paid Last Month | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes and/or Insurance) | $0.00 | $0.00 |
| Fees | $0.00 | $0.00 |
| Optional Products | $0.00 | $0.00 |
| Partial Payment (Unapplied)* | $0.00 | $607.36 |
| **Total** | **$0.00** | **$607.36** |

### Important Messages

You are currently due for the 10-1-2018 payment. Your last full payment was applied to the payment due 9-1-2018.

*Partial Payments: Any partial payments that you make are not applied to your mortgage, but instead are held in a separate suspense account. If you pay the balance of a partial payment, the funds will then be  applied to your mortgage.

### Transaction Activity

| Posted Date | Received/ Credited Date | Description | Principal ($) | Interest ($) | Escrow ($) | Late Charges, Shortages & Fees ($) | Suspense & Other  ($) | Optional Products ($) | Total ($) |
|---|---|---|---|---|---|---|---|---|---|
| 11/05 | | Assessed Expense - INSPECTION FEE | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | $0.00 | $0.00 |
| 12/03 | | Assessed Expense - INSPECTION FEE | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | $0.00 | $0.00 |
| 12/16 | | Assessed Expense - APPRAISAL FEE | $0.00 | $0.00 | $0.00 | $0.00 | $450.00 | $0.00 | $0.00 |
| 12/18 | 00/00 | Assessed Expense - APPRAISAL FEE Paid | $0.00 | $0.00 | $0.00 | $0.00 | -$450.00 | $0.00 | -$450.00 |
| 12/24 | | Assessed Expense - SALE FEE | $0.00 | $0.00 | $0.00 | $0.00 | $210.00 | $0.00 | $0.00 |
| 12/24 | | Assessed Expense - PUBLICATION FEE | $0.00 | $0.00 | $0.00 | $0.00 | $692.50 | $0.00 | $0.00 |
| 12/24 | | Assessed Expense - TITLE BRING-DOWN | $0.00 | $0.00 | $0.00 | $0.00 | $56.00 | $0.00 | $0.00 |
| 01/06 | | Assessed Expense - INSPECTION FEE | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | $0.00 | $0.00 |

### Important Information

Please note your loan has been referred to an attorney to start foreclosure proceedings.  Prior to remitting payment you MUST contact the attorney for the full reinstatement amount as the amount above may have changed.  If you need information regarding the attorney assigned to your loan please contact customer service at 866-947-7729.

Complete this coupon; tear it off and return it with your check. Please write your loan number on your check and make it payable to PHH Mortgage Services.

Loan number: ███████9953
JAN M MATHIESON

**PHH Mortgage Services**
1 MORTGAGE WAY
MAIL STOP: SVCF
MT. LAUREL NJ 08054

| | |
|---|---|
| Payment Due Date | 2/1/2020 |
| Total New Fees and Charges | $0.00 |
| Outstanding Unpaid Late Charges, Returned Item Charges, Shortages and Other Fees | $0.00 |
| Assessed Expenses | $6,220.52 |
| Past Due Payments | $20,716.53 |
| Total Amount Due as of 1/21/2020 | $26,937.05 |
| Accelerated Amount (not a payoff amount) | $201,311.68 |

*If you're paying more than the amount due, please tell us where you want us to apply the extra amount. If we do not receive your instructions, we'll apply the extra amount first to unpaid late charges and then to principal.*

| | |
|---|---|
| Extra principal | $_____ |
| Extra escrow | $_____ |
| Unpaid late charges | $_____ |
| Other (specify) _____ | $_____ |
| **Total check enclosed** | $_____ |

Exhibit 9 (P. 1 of 6)

# For your information

PHH Mortgage Services will perform all servicing activities for your mortgage loan.

## Pay by phone or web:

You can make your payment by phone at 1-877-729-3273 or visit the website shown on the front of this statement to make a Speedpay payment. You may also make one time additional principal payments as long as your account is current. To have your payment or additional principal post the same business day, your payment must be completed by 8:00 pm ET, Monday through Friday. Please note a fee may apply.

## How we process your payment

When you provide a check as payment, you authorize us either to use the information from your check to make a one-time electronic fund transfer from your account, or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution. If you would like to opt-out of this program or if you have any questions, please call us at the phone number shown on the front of this statement.

## Can I pay additional principal at any time?

Yes. Additional principal payments can be deducted with your Direct Debit monthly payment from your designated checking or savings account. The payment coupon on your statement also allows you to indicate an additional principal payment with your monthly payment.

You can also make a one-time additional principal payment by mailing a check to:

Payment Processing
P.O. Box 371458
Pittsburgh, PA 15250-7458

Please make sure to put both your account number and indicate "Principal Only" in the memo section of your check. Your account must be current in order to make an additional principal payment.

## Receipt and Crediting of Payments

Payments received Monday-Saturday at the address on the payment coupon provided will be credited the date of receipt if 1) in US dollars in the form of a check drawn on a US Bank, and 2) received in the envelope provided with the payment coupon enclosed. All other mailed payments are considered to be non-conforming and may not be credited for up to 5 business days. Please write your loan number on your check and do not send cash or attach your check to the payment coupon. Payments that otherwise comply with the 2 criteria stated but are received on legal holidays or on a Sunday may not be credited until the next business day.

## Information about taxes

If you have an escrow account, we'll arrange with your tax authority to have your regular tax bills sent directly to us. However, some tax authorities may continue to send your regular tax bills to you directly. Your tax authority will send other types of tax bills, such as corrected, supplemental or special assessment bills, directly to you.

If you have an escrow account and you receive a tax bill, write your loan number on the bill and send it as soon as possible to:

PHH Mortgage Services
Attention: Tax Department
P.O. Box 24665
West Palm Beach, FL 33416-4665

For information about your escrow account, such as the date taxes are paid, the amount of taxes paid, or the property description used for tax purposes, visit the website shown on the front of this statement.

## Information about hazard insurance

Under the terms of your mortgage, you must maintain a property insurance policy with the appropriate coverage and deductible amounts.

The coverage must include homeowner/fire, windstorm and earthquake coverage if required. If your home is located in a FEMA designated flood zone, you will also be required to maintain appropriate flood insurance.

04PHM096507      rev 1/19      Page 2

---

If you have an escrow account, the annual premiums for your hazard insurance will be paid from your escrow account. If you do not have an escrow account, you must provide us a copy of your current hazard insurance policy and payment receipt. If you do not provide us this information, we'll obtain hazard insurance at your expense. The coverage we obtain may not be comparable to a policy that you would choose.

## Contact information for general insurance

Mailing address:                                    Phone: 1-888-882-1855
        PHH Mortgage Services                 Fax: 1-937-525-4210
        Attention: Insurance Department P.O. Box 5954
        Springfield, OH 45501-5954

## Contact information for property damage and loss draft checks

Mailing address:                                    Phone: 1-888-882-1855
        PHH Mortgage Services
        Attention: Loss Draft Department
        P.O. Box 7459 Springfield, OH 45501-7459

For insurance information, visit www.mycoverageinfo.com and enter PIN CM954.

## Requests for Information and Notices of Error, including Qualified Written Requests

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred:

PHH Mortgage Services
P.O. Box 66002
Lawrenceville, NJ 08648

## Fees

The following is a list of fees we charge for the services indicated. We may charge a fee for this service where permitted by applicable law. Additional fees may apply for services not listed. For additional information regarding fees, you may contact us at the number on the front of your statement.

| | |
|---|---|
| Loan History | $0 - $10.00 |
| Returned Payment Fee | $0 - $50.00 |
| Paying by Phone or Web | $0 - $17.50 |
| Lien Release | Varies by State |
| Wire Fee | $0 - $25.00 |
| Certified Mail Fee | $0 - $7.30 |
| Payoff Quote | $0 - $30.00 |

## Important Bankruptcy Information

If your original obligation has been discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and/or is notice of the creditor's intent to enforce a lien against the property and does not constitute a demand for payment or an attempt to impose personal liability for such obligation.

## Information about Mortgage Counseling or Assistance

If you would like contact information for counseling agencies or programs in your area, call the U.S. Department of Housing and Urban Development (HUD) at 800-569-4287 or visit www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Additional educational resources are available at Fannie Mae's Know Your Options website, https://www.knowyouroptions.com/.
Additional payment assistance options are also available by contacting PHH Mortgage Services.

## State Disclosures

California Property Owners – An escalation hotline has been established for California consumers with concerns about their mortgage account. The toll-free hotline is available at 877-726-5793. Also, if you would like to request an accounting of your escrow account pursuant to California Civil Code Section 2954, you may contact us to request this information.

---

## Change of name or address

If your contact information has changed, please give us the new information below.

Name (first, middle, last)

Address (number and street)                                    Suite no.

City                              State              Zip Code

Home telephone                   Business telephone      Extension
(        )                        (        )
E-mail address

JAN M MATHIESON

**To obtain information about your account:**
**Visit: www.MortgageQuestions.com**
**Call toll free:** 1-877-744-2506
**Email us:** CustomerCare@mortgagefamily.com
**Fax:** 1-856-917-8300
Loan number: ███9953

## Important Information - Continued

If you have been approved for a loss mitigation workout program, please refer to your agreement for payment details.

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.



PHH Mortgage Services
P.O. Box 5452
Mt. Laurel, NJ 08054-5452

JAN M MATHIESON

**To obtain information about your account:**
**Visit: www.MortgageQuestions.com**
**Call toll free:** 1-877-744-2506
**Email us:** CustomerCare@mortgagefamily.com
**Fax:** 1-856-917-8300

Loan number: ▆▆▆▆▆9953

---

| ** Delinquency Notice ** |
|---|

**You are late on your mortgage payments.** Failure to bring your loan current may result in fees and foreclosure — the loss of your home. Your loan became delinquent 10/1/2018.  As of 01/21, you are 477 days delinquent on your mortgage loan.

*Recent Account History*

- Payment due on 08/01/19:     Unpaid balance of $1,332.15
- Payment due on 09/01/19:     Unpaid balance of $1,332.15
- Payment due on 10/01/19:     Unpaid balance of $1,332.15
- Payment due on 11/01/19:     Unpaid balance of $1,332.15
- Payment due on 12/01/19:     Unpaid balance of $1,332.15
- Payment due on 01/01/20:     Unpaid balance of $1,332.15
- Current payment due 02/01/20: $1,332.15
- **Total: $26,937.05 due. You must pay this amount to bring your loan current.**

**If you are experiencing financial difficulty: See the back of page 1 of your statement for information about mortgage counseling or assistance.**

**The first notice or filing required by applicable law for the foreclosure process has been made.**

TO : INVESTOR ACCOUNTING
FROM : FORECLOSURE DEPARTMENT

| Homeowner : | | MATHIESON | Loan | ▮▮▮9953 | |
|---|---|---|---|---|---|
| Type of Check | | 2 | | 2/3/2020 | |

| | | | | |
|---|---|---|---|---|
| **9** | PMTS AT $ | $1,265.72 | is | $11,391.48 |
| **8** | PMTS AT $ | $1,332.15 | is | $10,657.20 |
| **0** | PMTS AT $ | $0.00 | is | $0.00 |
| **0** | PMTS AT $ | $0.00 | is | $0.00 |
| **0** | PMTS AT $ | $0.00 | is | $0.00 |
| **0** | PMTS AT $ | $0.00 | is | $0.00 |

| | | |
|---|---|---|
| TO ESCROW | $ | - |
| FRM ESCROW | $ | - |
| TO SUSPENSE | $ | -    09 |
| FRM SUSPENSE | $ | 588.41 |
| LATE CHARGES | $ | - |
| NSF | $ | - |

Processor    **LOG**

Notes    x

Lenstar    x

Coded:   FHA
       300
       400
   N01-N06
   N08-N99

Atty Fees/Costs Paid    **N**
Outstanding Fees:    **$0.00**
Non=Recoverable Fees:    $   -

| Other Fees | | | |
|---|---|---|---|
| Description | 4 | $ | - |
| Description | b | $ | - |
| Description | 7 | $ | - |
| Description | Y | $ | - |

| | | | |
|---|---|---|---|
| MRCA | | $ | - |
| Payee   **01R19** | Reason Code | | FFEX |
| CHECK REC'D | | $ | 21,460.27 |
| Worksheet Amt | | | $21,460.27 |
| Difference | | $ | - |

_____

     **FROM:**

                            **SUPERVISOR APPROVAL**_____

| | | |
|---|---|---|
| 1.PERSONAL | 5.TREASURERS | 9.MONEY ORDER |
| 2.CASHIERS | 6.GOVT. CK | 10.OFFICIAL CK. |
| 3.CREDIT UNION | 7.ATTORNEY | |
| 4.WESTERN UNION | 8.CERTIFIED | |

Exhibit 10 (P. 1 of 1)



PHH Mortgage Services
P.O. Box 5452
Mt. Laurel, NJ 08054-5452

## Your monthly mortgage statement

41156 SP 2793    RE    OC1

JAN M MATHIESON
C/O JOY LEE BARNHART
15 S. GRADY WAY, STE 535
RENTON, WA 98057

**To obtain information about your account:**
Visit: www.MortgageQuestions.com
**Call toll free:** 1-877-744-2506
**Email us:** CustomerCare@mortgagefamily.com
**Fax:** 1-856-917-8300

Loan number: ████9953
Payment Due Date: 3/1/2020
## Amount Due: $6,240.52
*If payment is received after 3/18/2020, a $38.57 late fee may be charged.*

**Statement Date: 2/4/2020**

### Account Information

| | |
|---|---|
| Property Address | 476 BRONSON WAY NE RENTON, WA 98056 3653 |
| Outstanding Principal Balance (not payoff amount) | $174,422.98 |
| Current Interest Rate | 4.3750% |
| Prepayment Penalty | No |
| Escrow Balance | $1,635.61 |
| Suspense Balance | $18.95 |

### Explanation of Amount Due

| | |
|---|---|
| Total New Fees and Charges | $0.00 |
| Outstanding Unpaid Late Charges, Returned Item Charges, Shortages and Other Fees | $0.00 |
| Assessed Expenses | $6,240.52 |
| Past Due Payment(s) | $0.00 |
| **Total Amount Due as of 2/4/2020** | **$6,240.52** |
| Accelerated Amount (not a payoff amount) | **$201,311.68** |

### Past Payments Breakdown

| | Paid Last Month | Paid Year to Date |
|---|---|---|
| Principal | $5,408.43 | $5,408.43 |
| Interest | $10,989.77 | $10,989.77 |
| Escrow (Taxes and/or Insurance) | $5,650.48 | $5,650.48 |
| Fees | $0.00 | $0.00 |
| Optional Products | $0.00 | $0.00 |
| Partial Payment (Unapplied)* | $0.00 | $18.95 |
| **Total** | **$22,048.68** | **$22,067.63** |

### Important Messages

You are currently due for the 3-1-2020 payment.
Your last full payment was applied to the payment due 2-1-2020.

*Partial Payments: Any partial payments that you make are not applied to your mortgage, but instead are held in a separate suspense account. If you pay the balance of a partial payment, the funds will then be applied to your mortgage.

### Transaction Activity

| Posted Date | Received/ Credited Date | Description | Principal ($) | Interest ($) | Escrow ($) | Late Charges, Shortages & Fees ($) | Suspense & Other ($) | Optional Products ($) | Total ($) |
|---|---|---|---|---|---|---|---|---|---|
| 02/03 | | Assessed Expense - INSPECTION FEE | $0.00 | $0.00 | $0.00 | $20.00 | $0.00 | $0.00 | $0.00 |
| 02/04 | 02/03 | Payment | $308.96 | $655.64 | $301.12 | $0.00 | -$588.41 | $0.00 | $10,803.07 |
| 02/04 | 02/03 | Payment | $310.09 | $654.51 | $301.12 | $0.00 | $0.00 | $0.00 | $0.00 |
| 02/04 | 02/03 | Payment | $311.22 | $653.38 | $301.12 | $0.00 | $0.00 | $0.00 | $0.00 |
| 02/04 | 02/03 | Payment | $312.36 | $652.24 | $301.12 | $0.00 | $0.00 | $0.00 | $0.00 |
| 02/04 | 02/03 | Payment | $313.50 | $651.10 | $301.12 | $0.00 | $0.00 | $0.00 | $0.00 |
| 02/04 | 02/03 | Payment | $314.64 | $649.96 | $301.12 | $0.00 | $0.00 | $0.00 | $0.00 |
| 02/04 | 02/03 | Payment | $315.79 | $648.81 | $301.12 | $0.00 | $0.00 | $0.00 | $0.00 |
| 02/04 | 02/03 | Payment | $316.94 | $647.66 | $301.12 | $0.00 | $0.00 | $0.00 | $0.00 |
| 02/04 | 02/03 | Payment | $318.09 | $646.51 | $301.12 | $0.00 | $0.00 | $0.00 | $0.00 |
| 02/04 | 02/03 | Payment | $319.25 | $645.35 | $367.55 | $0.00 | $0.00 | $0.00 | $10,657.20 |
| 02/04 | 02/03 | Payment | $320.42 | $644.18 | $367.55 | $0.00 | $0.00 | $0.00 | $0.00 |
| 02/04 | 02/03 | Payment | $321.58 | $643.02 | $367.55 | $0.00 | $0.00 | $0.00 | $0.00 |
| 02/04 | 02/03 | Payment | $322.76 | $641.84 | $367.55 | $0.00 | $0.00 | $0.00 | $0.00 |
| 02/04 | 02/03 | Payment | $323.93 | $640.67 | $367.55 | $0.00 | $0.00 | $0.00 | $0.00 |
| 02/04 | 02/03 | Payment | $325.11 | $639.49 | $367.55 | $0.00 | $0.00 | $0.00 | Continued |

Complete this coupon; tear it off and return it with your check. Please write your loan number on your check and make it payable to PHH Mortgage Services.

Loan number: 8012079953
JAN M MATHIESON

**PHH Mortgage Services**
1 MORTGAGE WAY
MAIL STOP: SVCF
MT. LAUREL NJ 08054

| | |
|---|---|
| Payment Due Date | 3/1/2020 |
| Total New Fees and Charges | $0.00 |
| Outstanding Unpaid Late Charges, Returned Item Charges, Shortages and Other Fees | $0.00 |
| Assessed Expenses | $6,240.52 |
| Past Due Payments | $0.00 |
| **Total Amount Due as of 2/4/2020** | **$6,240.52** |
| Accelerated Amount (not a payoff amount) | **$201,311.68** |

*If you're paying more than the amount due, please tell us where you want us to apply the extra amount. If we do not receive your instructions, we'll apply the extra amount first to unpaid late charges and then to principal.*

| | |
|---|---|
| Extra principal | $_____ |
| Extra escrow | $_____ |
| Unpaid late charges | $_____ |
| Other (specify) _____ | $_____ |
| **Total check enclosed** | $_____ |

Exhibit 11 (P. 1 of 4)

Case 19-01140-TWD    Doc 29    Filed 03/31/21    Ent. 03/31/21 17:33:27    Pg. 50 of 61

# For your information

PHH Mortgage Services will perform all servicing activities for your mortgage loan.

## Pay by phone or web:
You can make your payment by phone at 1-877-729-3273 or visit the website shown on the front of this statement to make a Speedpay payment. You may also make one time additional principal payments as long as your account is current. To have your payment or additional principal post the same business day, your payment must be completed by 8:00 pm ET, Monday through Friday. Please note a fee may apply.

## How we process your payment
When you provide a check as payment, you authorize us either to use the information from your check to make a one-time electronic fund transfer from your account, or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution. If you would like to opt out of this program or if you have any questions, please call us at the phone number shown on the front of this statement.

## Can I pay additional principal at any time?
Yes. Additional principal payments can be deducted with your Direct Debit monthly payment from your designated checking or savings account. The payment coupon on your statement also allows you to indicate an additional principal payment with your monthly payment.

You can also make a one-time additional principal payment by mailing a check to:

Payment Processing
P.O. Box 371458
Pittsburgh, PA 15250-7458

Please make sure to put both your account number and indicate "Principal Only" in the memo section of your check. Your account must be current in order to make an additional principal payment.

## Receipt and Crediting of Payments
Payments received Monday-Saturday at the address on the payment coupon provided will be credited the date of receipt if 1) in US dollars in the form of a check drawn on a US Bank, and 2) received in the envelope provided with the payment coupon enclosed. All other mailed payments are considered to be non-conforming and may not be credited for up to 5 business days. Please write your loan number on your check and do not send cash or attach your check to the payment coupon. Payments that otherwise comply with the 2 criteria stated but are received on legal holidays or on a Sunday may not be credited until the next business day.

## Information about taxes
If you have an escrow account, we'll arrange with your tax authority to have your regular tax bills sent directly to us. However, some tax authorities may continue to send your regular tax bills to you directly. Your tax authority will send other types of tax bills, such as corrected, supplemental or special assessment bills, directly to you.

If you have an escrow account and you receive a tax bill, write your loan number on the bill and send it as soon as possible to:

PHH Mortgage Services
Attention: Tax Department
P.O. Box 24665
West Palm Beach, FL 33416-4665

For information about your escrow account, such as the date taxes were paid, the amount of taxes paid, or the property description used for tax purposes, visit the website shown on the front of this statement.

## Information about hazard insurance
Under the terms of your mortgage, you must maintain a property insurance policy with the appropriate coverage and deductible amounts.

The coverage must include homeowner/fire, windstorm and earthquake coverage if required. If your home is located in a FEMA designated flood zone, you will also be required to maintain appropriate flood insurance.

04PHM096507     rev 1/19     Page 2

If you have an escrow account, the annual premiums for your hazard insurance will be paid from your escrow account. If you do not have an escrow account, you must provide us a copy of your current hazard insurance policy and payment receipt. If you do not provide us this information, we'll obtain hazard insurance at your expense. The coverage we obtain may not be comparable to a policy that you would choose.

## Contact information for general insurance
Mailing address:                                    Phone: 1-888-882-1855
    PHH Mortgage Services                           Fax: 1-937-525-4210
    Attention: Insurance Department P.O. Box 5954
    Springfield, OH 45501-5954

## Contact information for property damage and loss draft checks
Mailing address:                                    Phone: 1-888-882-1855
    PHH Mortgage Services
    Attention: Loss Draft Department
    P.O. Box 7459 Springfield, OH 45501-7459

For insurance information, visit www.mycoverageinfo.com and enter PIN CM954.

## Requests for Information and Notices of Error, including Qualified Written Requests
If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred:

PHH Mortgage Services
P.O. Box 66002
Lawrenceville, NJ 08648

## Fees
The following is a list of fees we charge for the services indicated. We may charge a fee for this service where permitted by applicable law. Additional fees may apply for services not listed. For additional information regarding fees, you may contact us at the number on the front of your statement.

| | |
|---|---|
| Loan History | $0 - $10.00 |
| Returned Payment Fee | $0 - $50.00 |
| Paying by Phone or Web | $0 - $17.50 |
| Lien Release | Varies by State |
| Wire Fee | $0 - $25.00 |
| Certified Mail Fee | $0 - $7.30 |
| Payoff Quote | $0 - $30.00 |

## Important Bankruptcy Information
If your original obligation has been discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and/or is notice of the creditor's intent to enforce a lien against the property and does not constitute a demand for payment or an attempt to impose personal liability for such obligation.

## Information about Mortgage Counseling or Assistance
If you would like contact information for counseling agencies or programs in your area, call the U.S. Department of Housing and Urban Development (HUD) at 800-569-4287 or visit www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Additional educational resources are available at Fannie Mae's Know Your Options website, https://www.knowyouroptions.com/.
Additional payment assistance options are also available by contacting PHH Mortgage Services.

## State Disclosures
California Property Owners – An escalation hotline has been established for California consumers with concerns about their mortgage account. The toll-free hotline is available at 877-726-5793. Also, if you would like to request an accounting of your escrow account pursuant to California Civil Code Section 2954, you may contact us to request this information.

---

## Change of name or address
If your contact information has changed, please give us the new information below.

Name (first, middle, last)

Address (number and street)                                    Suite no.

City                          State                  Zip Code

Home telephone                Business telephone      Extension
(      )                       (      )
E-mail address



PHH Mortgage Services
P.O. Box 5452
Mt. Laurel, NJ 08054-5452

JAN M MATHIESON

**To obtain information about your account:**
**Visit:** www.MortgageQuestions.com
**Call toll free:** 1-877-744-2506
**Email us:** CustomerCare@mortgagefamily.com
**Fax:** 1-856-917-8300

Loan number: ████9953

## Transaction Activity - Continued

| Posted Date | Received/ Credited Date | Description | Principal ($) | Interest ($) | Escrow ($) | Late Charges, Shortages & Fees ($) | Suspense & Other ($) | Optional Products ($) | Total ($) |
|---|---|---|---|---|---|---|---|---|---|
| 02/04 | 02/03 | Payment | $326.30 | $638.30 | $367.55 | $0.00 | $0.00 | $0.00 | $0.00 |
| 02/04 | 02/03 | Payment | $327.49 | $637.11 | $367.55 | $0.00 | $0.00 | $0.00 | $0.00 |

### Important Information

Please note your loan has been referred to an attorney to start foreclosure proceedings. Prior to remitting payment you MUST contact the attorney for the full reinstatement amount as the amount above may have changed. If you need information regarding the attorney assigned to your loan please contact customer service at 866-947-7729.

If you have been approved for a loss mitigation workout program, please refer to your agreement for payment details.

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.

Exhibit 11 (P. 4 of 4)
Page 4 of 4

```
DDCH      9953     CORPORATE ADVANCE HISTORY SCREEN   5AL/661 03/26/21 15:51:14
JM MATHIESO      L:  F:R B:  R:   04/01/21 TYPE F.H.A.                MAN 3
476 BRONSON WAY NE RENTON WA 98056-3653
---------------------------------------------------------- * MORE *-------
  R_____ PAYEE         ___ TRAN      _____ RSN     ___ USR    _____ ESC PAYEE
   _ SORT         _____ _ SORT    _____ _ SORT    _____ _ SORT
  DATE RANGE:  _____ THRU _____
   TRN USR  ID    DATE      TRAN AMT  ESC PAYEE    PAYEE RSN  DESCRIPTION        DISBDT

   633 FID 0082 031320       110.50   TSPRETIT   01R19 PREC RECORDING FEES

   632 FID 0078 022420       330.14   FCWESTPRWA 01R19 FSDF ATTNY MAIL COSTS

   630 FID 0077 022420       150.00   FCWESTPRWA 01R19 FATT ATTY FEE - F/C

   633 FID 0076 022020        20.00   FSG        01R14 FINP INSPECTION FEE

   745 ### 0075 020520        18.95-             01R20 CMDF CORP ADV DEFAULT
```

Exhibit 12 (P. 1 of 7)

```
DDCH      9953      CORPORATE ADVANCE HISTORY SCREEN   5AL/661 03/26/21  15:59:28
JM MATHIESO     L:  F:R B:  R:    04/01/21 TYPE F.H.A.                   MAN 3
476 BRONSON WAY NE RENTON WA 98056-3653
------------------------------------------------------------- * MORE *-------
  R_____ PAYEE        ____ TRAN     _____ RSN    ___ USR    _____ ESC PAYEE
    _ SORT           _ SORT        _ SORT      _ SORT            _ SORT
  DATE RANGE: _____ THRU _____
  TRN USR  ID   DATE     TRAN AMT  ESC PAYEE   PAYEE RSN  DESCRIPTION      DISBDT

  633 FID 0074 020320      20.00   FSG         01R14 FINP INSPECTION FEE

  633 FID 0072 010620      20.00   FSG         01R14 FINP INSPECTION FEE

  633 FID 0069 122419      56.00   TSPRETIT    01R19 FTBD TITLE BRING-DOWN

  632 FID 0068 122419     692.50   FCWESTPRWA  01R19 FPUB PUBLICATION FEE

  632 FID 0067 122419     210.00   FCWESTPRWA  01R19 FSLF SALE FEE
```

Exhibit 12 (P. 2 of 7)

```
DDCH ████████9953    CORPORATE ADVANCE HISTORY SCREEN   5AL/661 03/26/21  16:00:03
JM MATHIESO     L:  F:R B:  R:    04/01/21 TYPE F.H.A.                  MAN 3
476 BRONSON WAY NE RENTON WA 98056-3653
-------------------------------------------------------------- * MORE *-------
  R_____ PAYEE         ____ TRAN       _____ RSN      ___ USR    _____ ESC PAYEE
    _ SORT            _ SORT         _ SORT       _ SORT         _ SORT
  DATE RANGE:  _____ THRU _____
  TRN USR  ID   DATE      TRAN AMT  ESC PAYEE   PAYEE RSN  DESCRIPTION      DISBDT

  745 5A4 0050 121819      450.00-              01R19 FAPR RECLASS

  631 FID 0049 121619      450.00   APALTSOURC  01R19 FAPR APPRAISAL FEE

  633 FID 0047 120319       20.00   FSG         01R14 FINP INSPECTION FEE

  633 FID 0046 110519       20.00   FSG         01R14 FINP INSPECTION FEE

  633 FID 0045 100819       20.00   FSG         01R14 FINP INSPECTION FEE
```

Exhibit 12 (P. 3 of 7)

```
DDCH      9953    CORPORATE ADVANCE HISTORY SCREEN   5AL/661 03/26/21  16:00:30
JM MATHIESO      L:  F:R B:  R:    04/01/21 TYPE F.H.A.                  MAN 3
476 BRONSON WAY NE RENTON WA 98056-3653
----------------------------------------------------------- * MORE *-------
  R_____ PAYEE        ____ TRAN     _____ RSN    ___ USR    _____ ESC PAYEE
    _ SORT           _ SORT         _ SORT       _ SORT          _ SORT
  DATE RANGE: _____ THRU _____
  TRN USR  ID   DATE      TRAN AMT  ESC PAYEE    PAYEE RSN  DESCRIPTION      DISBDT

  633 FID 0044 092019       20.00  FSG          01R14 FINP INSPECTION FEE

  630 FID 0043 090319      300.00  FCWESTPRWA    01R19 FATT ATTY FEE - F/C

  630 FID 0042 090319      975.00  FCWESTPRWA    01R19 FATT ATTY FEE - F/C

  633 FID 0041 081619      109.00  TSPRETIT      01R19 PREC RECORDING FEES

  633 FID 0038 073119       20.00  FSG          01R14 FINP INSPECTION FEE
```

Exhibit 12 (P. 4 of 7)

```
DDCH       9953     CORPORATE ADVANCE HISTORY SCREEN   5AL/661 03/26/21  16:01:03
JM MATHIESO       L:  F:R B:  R:    04/01/21 TYPE F.H.A.                    MAN 3
476 BRONSON WAY NE RENTON WA 98056-3653
------------------------------------------------------------ * MORE *-------
 R_____ PAYEE         ____ TRAN      _____ RSN     ___ USR    _____ ESC PAYEE
   _ SORT          _ SORT       _ SORT      _ SORT          _ SORT
 DATE RANGE:  _____ THRU _____
 TRN USR  ID   DATE      TRAN AMT  ESC PAYEE   PAYEE RSN  DESCRIPTION       DISBDT

 631 FID 0037 072619      450.00  APALTSOURC 01R19 FAPR APPRAISAL FEE

 631 FID 0034 071019       20.00  FSG        01R14 FINP INSPECTION FEE

 631 FID 0033 071019       20.00  FSG        01R14 FINP INSPECTION FEE

 631 FID 0032 070319       20.00  FSG        01R14 FINP INSPECTION FEE

 745 ACQ 0010 060519      150.00             01R23 FPOC PROOF CLAIM - BK 060817
```

```
DDCH     ████9953    CORPORATE ADVANCE HISTORY SCREEN   5AL/661 03/26/21  16:01:47
JM MATHIESO      L:  F:R B:  R:    04/01/21 TYPE F.H.A.                  MAN 3
476 BRONSON WAY NE RENTON WA 98056-3653
-------------------------------------------------------------- * MORE *-------
  R_____ PAYEE          ____ TRAN     _____ RSN     ___ USR    _____ ESC PAYEE
    _ SORT            _ SORT       _ SORT      _ SORT          _ SORT
  DATE RANGE:  _____ THRU _____
  TRN USR  ID    DATE      TRAN AMT  ESC PAYEE   PAYEE RSN  DESCRIPTION        DISBDT

  745 ACQ 0009 060519      250.00                01R23 BKOP OBJ TO PLAN         060917

  745 ACQ 0008 060519      750.00                01R23 FPOC PROOF CLAIM - BK 100217

  745 ACQ 0007 060519      100.00                01R23 BATY BK ATTY FEE         111517

  745 ACQ 0006 060519      850.00                01R23 BATY BK ATTY FEE         013119

  745 ACQ 0005 060519      181.00                01R23 BKMO BK MOTION FILING 013119
```

**Exhibit 12 (P. 6 of 7)**

**DDCH** ████ 9953    **CORPORATE ADVANCE HISTORY SCREEN**    5AL/661 **03/26/21  16:02:16**
JM MATHIESO     L:  F:R B:  R:    04/01/21 TYPE F.H.A.                    MAN 3
476 BRONSON WAY NE RENTON WA 98056-3653
-------------------------------------------------------------- * END *--------
  R_____ PAYEE          ____ TRAN      _____ RSN      ___ USR      _____ ESC PAYEE
    _ SORT          _ SORT      _ SORT      _ SORT              _ SORT
  DATE RANGE: _____ THRU _____
  TRN USR  ID   DATE     TRAN AMT  ESC PAYEE   PAYEE RSN  DESCRIPTION      DISBDT

| TRN | USR | ID | DATE | TRAN AMT | ESC PAYEE | PAYEE | RSN | DESCRIPTION | DISBDT |
|-----|-----|------|--------|----------|-----------|-------|------|-----------------|--------|
| 745 | ACQ | 0004 | 060519 | 905.02 | | 01R19 | FTSC | TITLE SEARCH | 042919 |
| 745 | ACQ | 0003 | 060519 | 22.00 | | 01R19 | FREC | RECORDING FEES | 051519 |
| 745 | ACQ | 0002 | 060519 | 20.00 | | 01R14 | FINP | INSPECTION FEE | 022719 |
| 745 | ACQ | 0001 | 060519 | 20.00 | | 01R14 | FINP | INSPECTION FEE | 050319 |

   ** TOTAL SELECTED DDCH CORP ADV TRANS:        6,832.21

**CERTIFICATE OF SERVICE**

On March 31, 2021, I served the foregoing document(s): DECLARATION OF DERRICK RALEIGH IN SUPPORT OF RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, in the manner described below:

| | |
|---|---|
| Joy Lee Barnhart<br>15 S. Grady Way, Ste 535<br>Renton, WA 98057<br>ecf@joybarnhart.com<br>*Counsel for Plaintiff/Debtor* | ☐ U.S. Mail, Postage Prepaid<br>☐ UPS Overnight<br>☐ UPS 2 Day Shipping<br>☑ CM/ECF<br>☐ Courier |
| Jason Wilson-Aguilar<br>600 University St., Ste. 1300<br>Seattle, WA 98101<br>*Chapter 13 Trustee* | ☐ U.S. Mail, Postage Prepaid<br>☐ UPS Overnight<br>☐ UPS 2 Day Shipping<br>☑ CM/ECF<br>☐ Courier |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 31, 2021

Rachel M. Perez

DECLARATION IN SUPPORT OF RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT
AP No. 19-01140-TWD
Page 6

HOUSER LLP
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839